# Walston *v.* Davis.

*Action on Note.*

(Decided April 19, 1906.  40 So. Rep. 1017.)

1. *Bills and Notes; Payment; Evidence; Burden of Proof.*—The burden of proving payment of a note, when pleaded, rests upon the defendant.

2. *Same; Sufficiency of Proof.*—A defendant is not required to establish the defense of payment, or other defenses, beyond doubt, or even beyond a reasonable doubt.

3. *Same; Instructions.*—A charge is improper which instructs the jury that it is the duty of the plaintiff, in an action on a note, to satisfy them that the debt sued on has not been paid, and unless they are satisfied of this they cannot find for plaintiff, in that it misplaces the burden of proof, and fails to qualify the degree of satisfaction required which is reasonable satisfaction.

4. *Same; Lost Note; Burden of Proof.*—That fact that the note sued on was lost after suit brought, does not relieve the defendant of the burden of establishing reasonably his defense of payment; it not being incumbent on the plaintiff to show that the lost paper has not passed into the hands of an innocent purchaser.

5. *Same; Negotiability; Place of Payment.*—A note not made payable at a certain designated place is not a negotiable note and not governed by the commercial law.

APPEAL from Monroe Circuit Court.

Heard before HON. JOHN T. LACKLAND.

Action by N. G. Davis, as surviving partner, against H. C. Walston.

This was an action upon a note given by appellant to appellee. The plea was payment. The controverted question was whether or not the note had been paid, and the main dispute between the parties was as to certain words in a receipt. The words were: "For all claims we hold." The plaintiff contended that these words were forgeries and not in the handwriting of appellee, who wrote the receipt. Appellant's testimony

[Walston v. Davis.]

tended to show that these words were in the receipt when it was given to him, and that they were properly in there, as he had paid everything due either by note or account.

The plaintiff requested the court to give the following charges. Charge 1: "I charge you, gentlemen of the jury, that the burden is on the defendant to show that he has paid the note; and if you are in doubt, from all the evidence in this case, whether or not defendant paid the note sued on in this case, then you must find for the plaintiff, Davis." Charge 2: "If you are satisfied that Walston made the note sued on, and the same was transferred to Hybart & Co., and you are in doubt whether said note has been paid, then you will find for the plaintiff, Davis." Charge 3: "If your mind is left in doubt whether Walston paid the note, you will find for the plaintiff, Davis." The court gave the above charges.

Defendant requested the court to give the following charge, which was refused: "The court charges the jury that it is the duty of the plaintiff to satisfy you that the debt sued for has not been paid. Until you are satisfied of this, you cannot find for the plaintiff."

J. N. MILLER and BARNETT & BUGG, for appellant.— The oral charge of the court did not cure the error afterwards committed in the giving of the charges assigned as error.—*Donley v. Camp,* 22 Ala. 659; *Baker v. Barclift,* 76 Ala. 414; *Lane, et al. v. Jones,* 79 Ala. 156. The court erred in giving charges requested by plaintiff. —*L. & N. R. R. Co. v. Sullivan Timber Co.,* 126 Ala. 95; *Pullman Car Co. v. Adams,* 120 Ala. 581; *Torrey v. Berry,* 113 Ala. 496; *Moore v. Heineke,* 119 Ala. 627; *Coghill v. Kennedy,* 119 Ala. 641. The court erred in giving charge 2 requested by the plaintiff.—*Harris v. Russell,* 93 Ala. 59; *A. G. S. R. R. Co. v. Hill,* 93 Ala. 514. The court erred in giving charge 3 requested by plaintiff.—Authorities supra. The court should have given charge 1 requested by defendant.

WIGGINS, HYBART & BAYLES, for appellee.—No brief came to the reporter.

WEAKLEY, C. J.—The controverted question upon the trial arose upon the plea of payment. The bill of exceptions recites that the plaintiff's evidence tended to show the note had not been paid, while the defendant's evidence tended to support the plea. The burden of proof rested upon the defendant to reasonably satisfy the jury that the note had been paid; but he was not required to establish the defense beyond doubt nor even beyond a reasonable doubt.

No exception appears to have been reserved to that portion of the oral charge which forms the predicate for the first assignmnet of error.

Charges 1, 2, and 3, given for the plaintiff, were each erroneous in requiring a verdict for the plaintiff if the jury were in doubt whether the note had been paid. The charges exacted too high a measure of proof.—*A. G. S. R. R. Co. v. Hill,* 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65; *Torrey v. Burney,* 113 Ala. 496, 21 South. 348; *L. & N. R. Co. v. Sullivan Timber Co.,* 126 Ala. 95, 27 South. 760.

The court properly refused charge 1, requested by defendant. It omitted to use the word "reasonably" as qualifying "satisfied," and misplaced the burden of proof. The fact that the note was lost after suit did not alter the familiar rule that upon a plea of payment the burden of proof is upon the defendant. The plaintiff was not required to prove the lost paper had not reached the hands of an innocent purchaser. Moreover, the note was not governed by the commercial law, as it was not payable at any bank or private banking house or any certain place of payment.—Code 1896, § 869. This disposes of all the assignments of error.

For the errors pointed out, the judgment must be reversed, and the cause remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.