# Catanzano *v.* Jackson, *et al.*

### Assumpsit.

(Decided December 7, 1916. 73 South. 510.)

1. **Contracts; Recovery; Performances.**—While recovery upon a contract cannot be had without showing performance, yet where a partial performance has resulted in benefits which have been accepted by the other party, or the contract was abandoned by mutual consent, or rescinded or modified by the act or failure to act of the defendant, recovery may be had for the value of the work performed, services rendered or material furnished.

2. **Work and Labor; Completion and Acceptance; Jury Question.**—Whether the work was completed as per contract and accepted were questions for the jury under the evidence in this case.

3. **Contracts; Performance; Reference; Good Faith.**—While the parties to a contract may stipulate that estimates of the work done and of the compensation therefor shall be made by a third person who shall pass upon the character of the workmanship and the quality of the material, such third person must act in good faith and to be final and binding his acts must be free of fraud and bad faith.

4. **Contracts; Building; Architect's Certificate.**—By discharging the architect or dispensing with his services and assuming personal control of the erection of the house, a party could not place it beyond the power of the architect to give the final certificate and so defeat recovery for the substantial execution of the contract.

5. **Work and Labor; Acceptance by Architect; Recovery.**—Where an architect was authorized to bind the principal in the acceptance of the work and to represent the parties to the contract in the construction of any doubtful specifications thereof, and he acted for his principal and the right of action accrued against the principal, an action for the quantum meruit was maintainable.

[Catanzano v. Jackson, et al.]

6. **Same; Instructions; Abstract.**—Where the suit was for work done and materials furnished but was not brought on the contract charges asserting that before the plaintiff could sue for the contract prices it was necessary to obtain the architect's final certificate of the completion of the work, that plaintiff could not recover the contract price, and that unless the contract work was completely performed plaintiff could not recover the contract price were properly refused as abstract.

7. **Same; Condition Precedent; Architect's Certificate.**—Where the suit was on the common counts for work done and material furnished at the defendant's request the plaintiff was not required to obtain the architect's certificate as a condition precedent to recovery.

8. **Same; Burden of Proof; Instructions.**—Where the action was for work done and materials furnished at defendant's request a charge that if the evidence did not satisfy the jury that the defendant nevertheless accepted the house as constructed then plaintiff could not recover was erroneous as exacting too high a measure of proof of acceptance.

9. **Charge of Court; Covered by Those Given.**—Where the court in its oral charge and in the given charges stated the law as favorable to the defendant as was consistent with the facts defendant cannot complain of the refusal to him of similar charges.

10. **Work and Labor; Special Contract; Recovery.**—Although the evidence should disclose a special contract a plaintiff may recover under common counts for work done and materials furnished if the contract was substantially performed by the plaintiff or there was nothing left for defendant to do except to make payment.

11. **Same; Acceptance.**—Under the evidence in this case the jury could infer defendant's acceptance either expressed or implied.

12. **Same; Particular Work.**—Under the evidence in this case it was for the jury to say whether a particular piece of work was to be done by the plaintiff.

13. **Evidence; Value of Work; Opinion.**—Where the witness was not shown to be qualified to give an opinion as to the value of the house as constructed it was not error to decline to permit him to express an opinion.

14. **Same; Similar Conditions.**—A question framed to elicit an answer as to the value of the house as constructed at the time of the trial rather than as to its value at the time of completion was properly denied as was a question to a witness who saw the house several years after its completion as to whether the paint contained proper elements.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by B. E. Jackson and another, doing business under the firm name of Jackson & Syphus, against Alice D. Catanzano, for work and labor done and materials furnished. Judgment for plaintiffs, and defendant appeals. Affirmed.

The court gave the following charges at plaintiffs' request:

(4) If the jury find from the evidence that defendant's architect, acting on behalf of defendant, accepted the work per-

formed by plaintiffs in constructing a house, or any portion of the same, then defendant is liable to plaintiff for the reasonable value of the work and material entering into the same so accepted.

(5) If the jury believe from the evidence that plaintiffs did not complete the contract in strict accordance with its terms, and further find from the evidence that defendant's architect, acting on behalf of defendant, accepted a part or all of the work, then defendant would be liable for the reasonable value of such work so accepted.

The following charges were refused to defendant:

(A) Before plaintiffs were entitled to sue on the contract for the contract price, it was necessary for plaintiffs to have obtained from the architect a final certificate of the completion of the work.

(B) Plaintiffs in this case are not entitled to recover the contract price of building the house.

(C) Unless you are reasonably satisfied from the evidence that all the work provided by the contract had been completely finished and turned over to defendant complete, by October 15, 1912, or that a failure to do so was waived by defendant, you cannot find for plaintiffs under the contract for the contract price.

(D) If the evidence does not reasonably satisfy you that plaintiffs complied with their part of the contract, and if the evidence does not satisfy you that defendant nevertheless accepted the house as constructed, then plaintiffs cannot recover for work done and for materials furnished in the construction of the house, outside of such extra work and extra materials, more than the actual value of the work done and materials furnished under the contract, less payments made thereon by defendant, together with interest on any excess.

(E) If you are reasonably satisfied from all the evidence that plaintiffs did not complete the house according to the contract, and the plaintiffs have been paid for all that the work and material furnished by them are reasonably worth, you cannot in that event render a verdict for more than the amount of the extra work done and material furnished by the plaintiffs.

GASTON & DRENNEN, for appellant. STOKELY, SCRIVNER & DOMINICK and SINNOT & KEENE, for appellees.

[Catanzano v. Jackson, et al.]

THOMAS, J.—The submission was on motion to dismiss the appeal and on the merits. We will consider the cause on its merits. The suit was for work and labor done and material furnished at defendant's request. The assignments of error challenge the action of the court in the admission of evidence and in the giving of written charges requested by plaintiffs.

(1) Recovery upon a contract cannot be had without showing performance (2 Greenl. Ev. [16th Ed.] § 104) ; yet where a partial performance has resulted in benefits that were accepted by the other party, or the contract was abandoned by mutual consent, or was rescinded or modified by the act or failure of the defendant, a recovery may be had for the value of the work furnished.—*Russell v. Bush,* 196 Ala. 309, 71 South. 397.

(2) The evidence tended to show that plaintiffs entered into a written contract to erect for defendant a dwelling house on the terms indicated in the plans and specifications prepared by defendant's architect, Mr. Maddox; that thereafter defendant modified the contract by certain changes which, plaintiffs' testimony showed, were agreed on with defendant; that before the house was completed in some minor detail defendant and her family took possession of and occupied the same as her dwelling. The plaintiffs' testimony was to the effect that the house was completed by them according to contract and in a workmanlike manner, and that all changes made by them were as directed by the defendant in the course of construction. This, however, was denied by the husband of defendant as a witness. Thus there was presented an issue of fact for the jury, as to the completion of the work as per contract, and as to the acceptance thereof.

Without objection the contract and plans and specifications were offered in evidence. The contract contained clauses to the effect that the defendant would provide an architect, who was designated therein, to supervise the construction of the building; that this architect should have authority to accept or reject all of the materials furnished, or work done in the construction, and that a final certificate from him, on full completion of the house, should be furnished by the contractor. The husband of the defendant, as a witness in her behalf, testified that he was representing his wife in the making of the contract and in the building of said house, and that he had full authority to do so as her agent. This authority was not questioned on the trial. This witness further testified that Mr. Maddox was the architect em-

[Catanzano v. Jackson, et al.]

ployed by him for the defendant; that it was the architect's duty to superintend the erection of the house and "to see that it was properly done;" that witness "did not think that the architect did this." His evidence tended to show that he dispensed with the services of this architect, and was as follows: "There was no disagreement between the defendant and the architect, but that I failed to meet him from time to time. When I was there he was not there, and when he was there I was not there, and I would see him and he would tell me he would have certain things done. I suppose he performed his job satisfactorily. In some instances he accepted work that was not satisfactory to me, and in some others he did not. I told him to attend to it, and took it for granted that he did; but I see defects in the house that show that he did not attend to it. * * * It was his duty to inspect the character of the workmanship of the house. It was his duty to see that it came up to specifications. I had employed him to do that. Mr. Maddox wasn't in charge of this last work I had. He authorized me to proceed with the house."

There was other evidence tending to show that the defendant's agent not only became dissatisfied with the architect, and assumed a personal charge of the work to his exclusion, but, after the contract was substantially executed, excluded the plaintiffs. Aside from this testimony there was evidence tending to show that Mr. Maddox, as achitect supervising and in charge of the work of construction, on behalf of the defendant, did so supervise, inspect, and accept work done and materials furnished in the course of the construction. Plaintiffs' testimony tended to show that they had completed the work, or were excluded therefrom only after its substantial completion, and that they were not furnished with a final certificate of completion by the architect.

(3) While the parties to a contract may stipulate that the estimates of the work done and of the compensation to be paid therefor shall be made by a third party, who shall also have power and be charged with the duty to pass upon the character of the workmanship employed and upon the quality of the materials used, yet in this regard the action of such third party will be final and binding on the parties only in the absence of fraud and bad faith.—*Railroad Co. v. March*, 114 U. S. 549, 5 Sup. Ct. 1035, 29 L. Ed. 255; *Chicago Co. v. Price,* 138 U. S. 185, 11 Sup.

[Catanzano v. Jackson, et al.]

Ct. 290, 34 L. Ed. 917; *Abercrombie & Williams v. Vandiver,* 126 Ala. 532, 28 South. 491.

(4) If the defendant discharged, or dispensed with the services of, the architect, and assumed personal control of the erection of the house, defendant could not thus place it beyond the power of the architect to give the final certificate and defeat the plaintiff's recovery for the substantial execution of the contract on the ground that the certificate of the architect had not been obtained by plaintiffs.

(5) If the agent, Maddox, was authorized to bind the principal in the acceptance of the work, and to represent both parties to the contract in the construction of any doubtful specifications thereof, and if he did so act for his principal, and the right of action accrued to plaintiffs against the principal, by reason of the contract and of the act of such agent thereunder, the remedy employed by plaintiffs for recovery—whether a suit for a breach of the contract or one on the quantum meruit—would not affect such accrued right of the plaintiffs. Defendant could not thereafter defeat this right by a change of architect or superintendent, or by unreasonably excluding the plaintiffs from the further prosecution of the work. In *Bell v. Teague,* 85 Ala. 211, 3 South. 861, it was declared that, although the plaintiff might not have done the work according to the stipulations of the contract, if the defendant accepted the house, the plaintiff was entitled to recover, at least what it was reasonably worth. In *Aarnes v. Windham,* 137 Ala. 513, 518, 34 South. 816, 817, after stating the rule that in order to recover on a special contract the plaintiff must show the performance of his undertaking under it, the court proceeded to say: "While this is true, it was held by the court, in the case last cited [*Davis v. Badders,* 95 Ala. 348, 10 South. 422], that a recovery may be had under the common counts for work, labor, and materials, on proof that defendant moved into the house before completed, and continued to occupy it after the contractor quit working on it, and it was of benefit to him. The court quoted approvingly what was said in *Thomas v. Ellis,* 4 Ala. 108, that 'nothing is more common than to permit a recovery upon an implied contract to pay the value of the labor, although it may not have amounted to a performance of the special contract; and this is always the rule when the defendant has accepted the work, or entered into possession and use of the house actually erected,' adding, that 'the same doctrine has been reasserted in the subse-

[Catanzano v. Jackson, et al.]

quent cases of *Merriweather v. Taylor,* 15 Ala. 735; *English v. Wilson,* 34 Ala. 201; *Bell v. Teague,* 85 Ala. 211 [3 South. 861].' "

The case of *Walstrom v. Oliver-Watts Construction Co.,* 161 Ala. 608, 615, 50 South. 46, 49, quotes from *Davis v. Badders, supra,* the following: As to what constitutes acceptance of work done, it is held that it may be express or implied from the conduct of the employer; that the mere naked occupancy or use of a building erected on the land of the owner does not, however, warrant an inference of acceptance of the work as done in compliance with the contract, unless the possession and use be coupled with some act or some language from which acceptance or acquiescence may be reasonably inferred, since the owner cannot divest himself of possession without surrendering a portion of his freehold; that the owner is not bound to remove the building, or abstain from using it, since, being attached to his land, it becomes his property; and that part payment is not an acceptance, but only an acquiescence to the extent of the payment.— 6 Cyc. 67-69. Whether a contract has been performed according to the terms, and whether the fact of moving into and using the building amounts to an acceptance of the work as a full compliance on the part of the builder with his contract, are questions to be determined by trial and depending on all the circumstances of the case."

So in *Dees v. Self Brothers,* 165 Ala. 225, 51 South. 735, where the law is thus stated: "It is also a principle that when the contract has been performed on one side, and nothing remains to be done but the payment of the money, a recovery may be had on the common counts. It is also true that if the party suing has partly performed the contract, and the other party has accepted the result of his work, he can recover the value of the same, on the common counts, except in such cases where the acceptance of the work was avoidable."

In the case of *Montgomery County v. Pruett,* 175 Ala. 391, 57 South. 823, it was laid down that: "Under the common counts * * * that plaintiff was required by the plea of the general issue either to prove an express contract, with all the terms of which he had fully complied, * * * or else that he had furnished labor or materials which were of benefit to the defendant, and which were voluntarily accepted by it."

Under the evidence tending to show acceptance of the work, the trial court committed no error in giving charges 4 and 5 at plaintiffs' request.

[Catanzano v. Jackson, et al.]

(6, 7) The suit not being on the contract, defendant's refused charges A, B, and C are abstract. The plaintiffs were not re- quired, in a suit upon the common counts, to obtain the certifi- cate of the architect as a condition precedent to recovery; for a recovery may be had under the common count, for work and labor done and material furnished, on the proof of its acceptance and of its value, without regard to the architect's certificate.—*Davis v. Badders, supra; Elec. Lighting Co. v. Elder Bros.,* 115 Ala. 138, 21 South. 983.

(8) The refusal of defendant's charge D may be justified in that the words, "and if the evidence does not satisfy you," etc., are used, thus requiring the jury to be "satisfied," not "reason- ably satisfied," before the plaintiffs could recover under the com- mon counts. The charge exacted of plaintiffs too high a measure of proof of acceptance, by the defendant, of the contract work. or of the work so done.—*Torrey v. Burney,* 113 Ala. 496, 21 South. 348; *Walston v. Davis,* 146 Ala. 510, 40 South. 1017;. *Southern Railway Co. v. Hobbs,* 151 Ala. 335, 43 South. 844; *Prince v. State,* 100 Ala. 144, 14 South. 409, 46 Am. St. Rep. 28; *L. & N. R. R. Co. v. Young,* 168 Ala. 551, 53 South. 213; *Bones v. State,* 117 Ala. 138, 23 South. 138; *Rowe v. Baber,* 93 Ala. 422, 8 South. 865; *Rosenbaum v. Levitt,* 109 Iowa 292, 80 N. W. 393.

(9) There was no error in the refusal of the defendant's written charge E. The trial court in its oral charge, and in written charges given at defendant's instance, stated the law as favorably to the defendant as was consistent with the facts.

(10) It is beyond controversy that the plaintiff may recover from the defendant on the common counts, even though the evi- dence should disclose a special contract, upon condition that the contract was fully or substantially performed by plaintiff, or there was nothing left to be done by the defendant except to make payment.

(11) The tendency of the plaintiff's evidence, in this case, was to show such a performance of the contract by them, or that there was no abandonment of the contract by them without good cause; and there was evidence from which the jury might infer acceptance, express or implied, by the owner or her agent, of the work done and material furnished.—*Higgins Mfg. Co. v. Pearson,* 146 Ala. 528, 40 South. 579; *Aarnes v. Windham, supra.*

[Catanzano v. Jackson, et al.]

(12) The contract provided that the plaintiffs were not to put in certain of the steps or flooring, but notwithstanding this provision, plaintiffs undertook to put in the flooring of the sun porch without extra compensation. The contract for this building was let in two separate sections—first, that for the foundation; and, next, that for the balance of the construction. The evidence tended to show that the steps were not erected by the plaintiffs, and that the contractor who had the foundation contract was obligated to erect the steps. This fact, however, was denied by the defendant. Such questions were for the jury. This jury decided by their verdict for the plaintiffs.

(13, 14) The refusal of the court to permit witness Catanzano to answer the question, "What in your opinion is the value of the house as now constructed?" was not error. The trial court might properly have permitted the question, had the witness been shown to be qualified to give an opinion of the value, and the inquiry been limited to the time of the construction or completion of the house. It was in evidence that contractual work was done on the house after plaintiffs had completed the same, or their work thereupon. The form of the question was such as to elicit an answer of the value of the house as constructed at the time of the trial, rather than of the value of the same at said time of completion.

So the question propounded to the witness Robiness, a painter who saw the house in March, 1915, several years after the completion of the work in question, as to whether the paint on the house contained the proper elements, was subject to the same objection. Moreover, the evidence does not show that the condition, several years after plaintiffs ceased work on the house, was such that an opinion could be predicated thereon as to the character of the work and the quality of the material furnished by the plaintiffs and entering into the painting of the house.

The judgment of the city court is affirmed.

Affirmed.

MCCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur.