FIRST TRUST JOINT STOCK LAND BANK of Chicago, Appellee, v.
F. H. KRUSE, Appellant.

No. 42472.

JUNE 23, 1934.

OPINION ON REHEARING MAY 7, 1935.

Bennett Cullison and V. H. Byers, for appellant.

Swan, Martin & Martin, for appellee.

DONEGAN, J.—This case is now before us after reargument and resubmission upon a rehearing. The action was brought for judgment upon a promissory note and the foreclosure of a mortgage securing same. The promissory note sued upon provided for amortized payments to be made on the first day of January and the first day of July in each year. The petition alleged the corporate capacity of the plaintiff, its authority to transact business in the state of Iowa, that the defendant makers of the note in question failed to

make the payment due on the first day of January, 1932; alleged that the plaintiff had elected to declare the entire debt due in accordance with the provisions of the note and mortgage; and asked for judgment for the full amount of the unpaid balance of the note, with interest at 8 per cent, and for costs, including an attorney's fee. The answer of the defendant, Kruse, to whom the title of the property had been conveyed after the execution of the mortgage, admitted the execution and delivery of the note and mortgage, denied generally all other allegations of the petition, and specifically denied that the allegations of the petition were sufficient to entitle the plaintiff to recover statutory attorney's fees for the reason that it did not allege that a demand for payment had been made against any or all of the defendants. Upon the trial of the case below, the trial court entered a judgment and decree in favor of the plaintiff and against the defendant makers of the note for the balance due upon the note, with interest, costs, and attorney's fees; declared the rights and interests of the plaintiff under its mortgage to be superior to the rights and interests of the defendants; and ordered that the mortgaged property be sold under special execution. No personal judgment was asked or entered against the defendant, Kruse. The defendant, Kruse, alone appealed and set out four propositions relied on for reversal.

In his argument on rehearing appellant argues and states that he relies on only two of these propositions. The two propositions argued and relied on are:

"1. The Court erred in granting the relief prayed, for the reason that there was no evidence of any default entitling plaintiff to take advantage of the acceleration clause.

"2. The Court erred in awarding plaintiff any statutory attorney fee for the reason that the petition upon its face did not allege a demand made upon a contract not matured."

■ Directing our attention to the first of these propositions, we find that the petition alleged that the defendants had defaulted in making the payment due by the terms of the note and mortgage on the first day of January, 1932, and that plaintiff had elected, in accordance with the terms of the note and mortgage, to declare the entire sum of principal and interest immediately due and payable. In his answer the defendant-appellant admitted the execution and delivery of the note and mortgage, but denied all other allegations

of the petition, and he contends that this denial in his answer put in issue and placed upon plaintiff the burden of proving the allegation of nonpayment contained in its petition. Upon the trial of the case the plaintiff-appellee introduced the note and mortgage, but did not introduce any further evidence. The note contained indorsements on the back thereof showing payment of all installments to and including the installment that became due on July 1, 1931, but it contained no indorsement showing any further payments. Defendant-appellant argues that there was thus no evidence of any default in payment upon the note, because, he contends, the absence of any further indorsements on the back of the note is not evidence of nonpayment of the installment that became due on January 1, 1932. We think the appellant is mistaken as to the effect of the introduction by appellee of the note in question. The execution and delivery of the note were admitted by the answer. The note was in the possession of and was being sued on by the payee named therein. It seems well established that the introduction by the payee of a promissory note, which is past due and upon which there are no notations or indorsements showing payment, is sufficient to raise a presumption of nonpayment and thus make a prima facie case for the holder of the note. In 8 C. J. 1014, it is said:

"A bill or a note is presumed to be still unpaid while it is in the possession of the payee or his personal representative, or plaintiff, in the absence of marks or indorsements showing payment."

Schulte v. Coulthurst, 94 Iowa 418, 62 N. W. 770; Elliott v. Capital City State Bank, 149 Iowa 309, 128 N. W. 369; In re Estate of Chismore, 175 Iowa 495, 157 N. W. 139; In re Estate of Rule, 178 Iowa 184, 159 N. W. 699; Mohn v. Mohn, 181 Iowa 119, 164 N. W. 341; Pfeffer v. Corey, 211 Iowa 203, 233 N. W. 126; Walston v. Davis, 146 Ala. 510, 40 So. 1017; Olson v. Day, 23 S. D. 150, 120 N. W. 883, 20 Ann. Cas. 516; Miller & Lux, Inc., v. Dunlap, 28 Cal. App. 313, 152 P. 309. This action was instituted on the 11th day of April, 1932. The petition alleged the nonpayment of the installment which became due on January 1, 1932. When the note was introduced by the plaintiff, it raised a rebuttable presumption that the installment that became due on January 1, 1932, had not been paid, and, in the absence of any evidence to the contrary, this was sufficient to sustain the trial court's finding that the de-

fendant makers of the note were in default, and that the entire unpaid balance of the note was due under plaintiff's election.

As to the second proposition relied on for reversal, appellant concedes that the right of appellee to recover statutory attorney's fees is largely a collateral question, and that the substantial rights of the parties must be controlled by a determination of the first proposition. Having determined that plaintiff did make out a case showing that the installment due January 1, 1932, was past due and unpaid, and that, under the terms of the note and mortgage, it had a right to accelerate the entire debt, we find no reason for interfering with the holding of the original opinion herein, in regard to attorney's fees, wherein we said:

"The record shows that this action was brought at the time by virtue of an acceleration clause as the due date of the mortgage was a number of years hence. We settled this in the case of Federal Land Bank of Omaha v. Wilmarth [218 Iowa 339], 252 N. W. 507 [94 A. L. R. 1338], where we held that as to the part of the debt that was accelerated, attorney's fees were not allowable unless a demand had been made before action was brought. The record before us does not show that any demand. was made before the commencement of this action, and therefore the attorney's fees allowed should have been limited to the amount due at the time the acceleration took place."

Appellee's motion to dismiss the appeal, which was submitted with the case, is overruled, and it is ordered that the case be remanded for a correction of the decree of the district court in accordance with the holding which we have hereby made in regard to the amount of attorney's fees that may be allowed to plaintiff. As thus modified, the judgment and decree of the district court is affirmed.—Modified and affirmed.

ANDERSON, C. J., and ALBERT, KINTZINGER, POWERS, PARSONS, RICHARDS, and HAMILTON, JJ., concur.