BURCH MANUFACTURING COMPANY, Appellee, v. KATE MCKEE, Appellant.

No. 45806.

FEBRUARY 10, 1942.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellant.

Elton A. Johnston, for appellee.

HALE, J.—On March 12, 1940, the plaintiff, a corporation located in Kansas City, Missouri, filed a substituted petition in equity, alleging that the defendant, on May 27, 1936, signed a conditional sales contract and order sheet for a popcorn machine to be shipped to her from Kansas City; that the plaintiff delivered to the defendant the machine ordered (reciting terms of payment); that the defendant made payments up to the sum

of $155, the last of which was made on October 1, 1937, leaving a balance of $145 due and owing, which is unpaid; and plaintiff asks judgment therefor with interest at 6 per cent from November 1, 1937, and that its lien upon the machine be foreclosed. To this the defendant filed an answer in the way of a general denial, and also a denial of indebtedness in any sum; denying that the plaintiff has any right to prosecute this action, and stating that plaintiff has never been incorporated in this state, and is and was a foreign stock corporation, and has no permit to do business in this state as provided by chapter 386 of the Codes of 1935, 1939, and that the contract sued on was made in this state and was an Iowa contract. Judgment and decree were rendered and entered against the defendant, the conditional sales contract was foreclosed, and sale ordered. From this decree defendant appeals.

I. Defendant for her division 1, alleges that the plaintiff failed to prove that there was anything due on the contract sued on; and argues that it was incumbent upon the plaintiff to plead and prove nonpayment of the note sued on when due or at maturity, and that it failed to make such proof. Plaintiff did plead nonpayment, however. The only witness examined in the case was the defendant, who nowhere states that the purchase price was paid. A part of the original contract was a note for the unpaid balance. This note and the contract were admitted in evidence without objection. We think nonpayment was thus sufficiently established. It is the general rule that a rebuttable presumption of nonpayment arises from the fact that a bill or note is in the possession of the party bringing suit upon it. Plaintiff had possession of, and offered in evidence, the note. In the absence of any other evidence this was sufficient to establish nonpayment, which was an affirmative defense. 8 C. J. 1014, section 1320, note 13; 11 C. J. S. 108, section 662, note 66. See also, First Trust Joint Stock Land Bank v. Kruse, 219 Iowa 1229, 1231, 260 N. W. 665, 666, wherein it is stated: ''The note was in the possession of and was being sued on by the payee named therein. It seems well established that the introduction by the payee of a promissory note, which is past due and upon which there are no notations or indorsements showing payment,

is sufficient to raise a presumption of nonpayment and thus make a prima facie case for the holder of the note.'' Citing numerous cases. See also cases cited in In re Estate of Humphrey, 226 Iowa 1230, 1234, 286 N. W. 488, 490. See also, Goeb v. Bush, 226 Iowa 1224, 286 N. W. 492, and cases cited.

■■■■■ II. Defendant claims that plaintiff, being a foreign stock corporation, is doing business in the state without a permit, and that the contract sued on is an Iowa contract; and for such reasons the plaintiff does not have the right to bring, prosecute, or maintain this action on such contract.

A foreign stock corporation doing business in this state cannot maintain an action upon a contract made by it in this state, unless, prior thereto, it shall have procured a permit to do business in the state. Codes, 1935, 1939, section 8427. The provision of the statute extends only to any contract made in this state, so that the question at issue in this division of the defense is only as to whether or not the contract upon which the action is based is an Iowa contract. The defendant so alleges, and denies that the burden of proof is upon her to so establish. It is not necessary to decide as to the burden of proof. We think the evidence determines the question at issue. The defendant relies upon her own testimony wherein she states that the contract was made with a man by the name of Denihie, a salesman who solicited the order, and she alleges that the plaintiff is bound by her testimony as a witness called by the plaintiff. Plaintiff, however, is not so bound. The fact that defendant testified to what we think was merely a conclusion, that the deal was made with Denihie, does not preclude plaintiff from contradicting her statement by other evidence. Plaintiff was entitled to the benefit of any conflict, inconsistency, or incongruity in the defendant's testimony, and was not precluded from calling other witnesses to contradict the defendant. Such evidence was introduced in the contract itself, which amounted merely to an order and would not become a contract until accepted in some form by the plaintiff. The date of the contract was May 27, 1936; it is addressed to the Burch Manufacturing Company of Kansas City, Missouri. The material part of the contract is as follows:

"Please ship, subject to strikes, fires, accidents or other delays beyond your control To (Print Customer's Name) Kate McKee Street Osceola Theatre Town Osceola County . . . . .State Iowa Via (Freight or Express) Exp. where it will first be kept for use within said State the following described property: One MODEL Gold Standard $60.00 Trade Allowance BURCH POPCORN MACHINES, in consideration of which I agree to pay Burch Mfg. Co. the sum of $405.00 F. O. B. cars Kansas City. This order is taken subject to the approval of Burch Mfg. Co. and is to be paid for on the following TERMS: $45.00 cash with order, $ . . . . . C. O. D., and the balance of $300.00 is to be represented by separate promissory note payable in 20 installments; 20 of which are to be for $15.00 each, and . . . . . for the sum of $ . . . . . . Said installment payments are to mature one each month after receipt of machine, and bear interest at the rate of 6% per annum from date until paid. Nothing but shipment or delivery of the property or acceptance in writing by a duly authorized officer of Burch Mfg. Co., at Kansas City, Mo., shall constitute an acceptance of this contract by vendor." Here follow the terms as to payment, right of repossession of plaintiff, waiver of homestead exemption laws, and the provision that the contract "covers all agreements concerning this transaction of every name and nature, and no representations made by an agent or other person not included herein shall be binding." The contract continues: "Original and first copy of this order must be sent to the office of the Burch Mfg. Company. The copy returned to the customer from the Company will bear the signature of an officer of the Company accepting the order, and is the contract under which this machine is purchased. I (we) have read and hereby accept the above contract and acknowledge receipt of a copy thereof.

WITNESS TO SIGNATURE (Two)    SIGNED Kate McKee   (Seal)
L. C. Denihie.                Make deposit payable to
ACCEPTED at Kansas City, Mo.,  Burch Mfg. Co.
5-28-36.

BURCH MFG. Co., Inc.

By----------------------------------------------------------."

Accompanying the contract and signed by the defendant was a note payable to the Burch Manufacturing Company for

$300, providing for installments at monthly periods, which note bears date of May 30, 1936.

It will be noted that the contract itself states that it does not become complete until approved by the Burch Manufacturing Company, and that nothing but shipment or delivery of the property, or acceptance in writing by a duly authorized officer of the Burch Manufacturing Company, at Kansas City, Missouri, shall constitute an acceptance of the contract by the vendor; so that the order expressly states that the acceptance must be at Kansas City. The contract, which, as before stated, was admitted without objection, bears a notation, "Accepted at Kansas City, Mo., 5-28-36." There is no reason to think that the contract was not carried out as made. The delivery, to be made f. o. b. Kansas City, was duly made, and it is uncontradicted that the machine was received in due time at Osceola. Such delivery would be an acceptance of the contract. The defendant herself states that the machine was shipped, and there is no intimation or claim that it was delivered by the company itself instead of by express or freight. Defendant says that she presumes the machine was shipped from Kansas City, but she does not know, it may have been shipped from Des Moines—which, of course, is not evidence and has no support. Whether or not the copy of the contract sent to the defendant was signed by an officer of the company does not appear, as the defendant claims to have lost it. We are convinced that there was a shipment to the defendant, and it is undisputed that there was a delivery of the property; and this, when done, was the completion of the contract and there was no contract until it was so done. By the terms of the contract Denihie was not the agent, and had no authority to enter into any stipulation or contract with the defendant. Generally speaking, the place of making a contract is determined according to the parties' intention. As a rule this is considered to be the place where the offer is accepted, or where the last act necessary to a meeting of the minds, or to complete the making of the contract, is performed. 17 C. J. S. 813, section 356. The opinion in County Savings Bank v. Jacobson, 202 Iowa 1263, 211 N. W. 864, states the rule that the place of con-

tract is the place where the acceptance is made, as, if a resident of one state places a letter in the mail making an offer to one who resides in another state, the contract would be completed where the acceptance is mailed. Such is the general rule. Ryerson & Son v. Schraag, 211 Iowa 558, 561, 229 N. W. 733, 734, sets out quite fully the rule as to contracts of this kind in this state. "It has long been the established rule in this state that, where an order for goods or merchandise is taken in this state and forwarded to another state which is the home office of the corporation or of the principal of the agent who took the order, and such order is subject to acceptance or approval by the principal, the contract is not a contract in this state where the order was taken, but is one in the state where the principal resides, and that an action may be maintained on such a contract by the foreign corporation in this state without securing a permit under the statute. The cases are collected in the recent case of Service System v. Johns, 206 Iowa 1164 [221 N. W. 777]. See, also, American Asph. Roof Corp. v. Shankland, 205 Iowa 862 [219 N. W. 28]." See that case, and other authorities cited therein. See also, Anderson Bros. & Johnson Co. v. Sioux Monument Co., 210 Iowa 1226, 232 N. W. 689.

The district court found that the contract in question was a Missouri contract, and such is our conclusion. It being such contract, plaintiff was entitled to bring suit thereon and defendant was bound thereby. The finding and decree of the lower court are affirmed.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.