IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-846

Filed: 2 April 2019

Harnett County, No. 16 CVS 2096

RABO AGRIFINANCE, LLC FKA RABO AGRIFINANCE, INC., Plaintiff-Judgment Creditor,

v.

ANGELA SILLS, Defendant-Judgment Debtor.

Appeal by plaintiff from order entered 24 April 2018 by Judge Mark E. Klass in Harnett County Superior Court. Heard in the Court of Appeals 30 January 2019.

*Womble Bond Dickinson (US) LLP, by Michael Montecalvo, for plaintiff-appellant.*

*No appellee brief filed.*

DIETZ, Judge.

Angela Sills, a farmer in Sampson County, applied for a loan from Rabo Agrifinance, LLC, an Iowa company that offers financing to farmers and other agricultural businesses. The loan contract included a clause providing that Sills consented to personal jurisdiction in the Iowa courts.

Sills later defaulted on the loan and Rabo obtained a default judgment against Sills in an Iowa state court. When Rabo sought to enforce that judgment in North Carolina, Sills sought relief from the judgment under Rule 60(b)(4), arguing that the

Iowa court did not have personal jurisdiction over her. The trial court agreed and granted relief from the Iowa judgment.

As explained below, we reverse the trial court's order. The parties' contract is governed by Iowa law and the consent to jurisdiction clause is valid under Iowa law. Accordingly, the Iowa court properly exercised jurisdiction over Sills and the judgment is enforceable in our State courts.

**Facts and Procedural History**

On 17 December 2007, Angela Sills, a resident of Sampson County, entered into an account agreement with Rabo Agrifinance, LLC, an Iowa business, to secure financing for a farming operation. The agreement contained a clause stating that Sills "knowingly and voluntarily consent[s] to be subject to the jurisdiction in the State of Iowa for purposes of adjudicating any rights and liabilities of the parties." After Sills defaulted on the loan, Rabo obtained a default judgment of $61,113.78 plus interest from a state trial court in Iowa.

Rabo then sought to enforce the Iowa judgment against Sills in North Carolina. Sills moved for relief from the Iowa judgment, asserting that the judgment should be set aside because she had never been in Iowa, had no contacts with Iowa, and was unaware of the consent to jurisdiction clause in the contract. After a hearing, the trial court granted Sills's motion for relief from the judgment under Rule 60(b)(4) based on lack of personal jurisdiction. Rabo timely appealed.

## Analysis

This case is governed by the Uniform Enforcement of Foreign Judgments Act, which addresses recognition and enforcement of other states' judgments in the North Carolina court system. N.C. Gen. Stat. §§ 1C-1701–1C-1708. The Act provides that a judgment debtor may seek relief from a foreign judgment on any ground "for which relief from a judgment of this State would be allowed." N.C. Gen. Stat. § 1C-1705(a). Although this language is broad, it is limited by the Full Faith and Credit Clause of the United States Constitution. As our Supreme Court has explained, "the defenses preserved under North Carolina's UEFJA are limited by the Full Faith and Credit Clause to those defenses which are directed to the validity and enforcement of a foreign judgment . . . such as. . . that the rendering state lacked personal or subject matter jurisdiction." *DOCRX, Inc. v. EMI Servs. of North Carolina, LLC*, 367 N.C. 371, 382, 758 S.E.2d 390, 397 (2014).

Here, the trial court granted relief from the judgment after concluding that the Iowa court lacked personal jurisdiction over Sills. The trial court's order is focused primarily on Sills's contacts with the State of Iowa but we need not address that question because, on appeal, Rabo does not dispute Sills's lack of contact with Iowa generally. Instead, Rabo focuses on the fact that the parties entered into the contract in Iowa and that the contract contains a consent to jurisdiction clause that is enforceable under Iowa law.

We agree with Rabo that the parties entered into this contract in Iowa. The "interpretation of a contract is governed by the law of the place where the contract was made." *Schwarz v. St. Jude Med., Inc.*, __ N.C. App. __, __, 802 S.E.2d 783, 788 (2017). Under both North Carolina and Iowa law, a contract is made in the place where the last act necessary to a complete meeting of the minds of the parties is performed, usually the place of acceptance. *Id.* at __, 802 S.E.2d at 790–91; *Burch Mfg. Co. v. McKee*, 2 N.W.2d 98, 101 (Iowa 1942).

The record indicates that the place of acceptance of this contract was Iowa. The contract, entitled "Account Agreement" is, in essence, a credit application. It provides expressly that when the credit application is "approved by [Rabo] in writing, [Rabo] shall then notify you of its approval," that there is no agreement until "a written commitment [is] signed by [Rabo]," and that "the acceptance and approval of the Application and this Agreement occurred in Cedar Falls, Iowa and that performance of this Agreement by you involves payment to [Rabo] in Cedar Falls, Iowa." Thus, under both Iowa and North Carolina law, acceptance of this contract occurred in Iowa and Iowa law applies to the contract. *Schwarz,* __ N.C. App. at __, 802 S.E.2d at 790–91; *Burch*, 2 N.W.2d at 101.

The contract contains a consent to jurisdiction clause providing that Sills consents to personal jurisdiction in the Iowa courts:

> **Consent to Jurisdiction**: . . . You knowingly and voluntarily consent to be subject to the jurisdiction in the State of Iowa for

purposes of adjudicating any rights and liabilities of the parties pursuant to this Agreement, with venue to be in the Iowa District Court for Black Hawk County, Iowa, or the United States Federal District Court for the Northern District of Iowa.

Iowa Courts have repeatedly held that this type of consent to jurisdiction clause is "*prima facie* valid and should be enforced." *Liberty Bank, F.S.B. v. Best Litho, Inc.*, 737 N.W.2d 312, 315 (Iowa Ct. App. 2007). To invalidate the clause, the contesting party must show "that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." *Id.* Applying this reasoning, the Iowa courts have rejected arguments that a consent to jurisdiction clause should be invalidated because the clause was not prominently displayed or the party challenging it claimed not to have read or understood it when agreeing to the contract terms. *Id.*; *EFCO Corp. v. Norman Highway Constructors, Inc.*, 606 N.W.2d 297, 300 (Iowa 2000).

We find nothing in the record suggesting that the clause is invalid under Iowa law. Although Rabo unquestionably is a more sophisticated party than Sills, the contract language is clear, Sills understood that Rabo was an Iowa business, and Sills had a full opportunity to review the contract before agreeing to its terms. Accordingly, the trial court erred when it found that Sills "did not consent to personal jurisdiction in Iowa." She did so by agreeing to be bound by the terms of the contract. We therefore reverse the trial court's order granting relief from the Iowa judgment under Rule 60(b)(4) on the ground that "Iowa lacked personal jurisdiction" over Sills.

## Conclusion

For the reasons stated above, we reverse the trial court's order.

REVERSED.

Judges STROUD and BERGER concur.