H. S. PFEFFER, Appellant, v. A. R. COREY et al., Appellees.

No. 40557.

NOVEMBER 18, 1930.

*Ray A. Emmert,* for appellant.

*George A. Wilson,* for A. R. Corey, appellee.

*C. B. Hextell,* for Agnes Kunz Corey, appellee.

GRIMM, J.—On the 19th of June, 1929, the plaintiff filed in the district court of Polk County, Iowa, his verified petition, asking for judgment on the balance due on a promissory note for $7,000, signed by the defendants, A. R. Corey and Agnes Corey, husband and wife. The note appears to have been executed and delivered to one Murphy, and afterwards assigned, on June 18, 1920, to O. J. Clark, by written indorsement; and on March 23, 1923, it was assigned, by written indorsement, to the plaintiff in this case. The original note is dated at Blue Earth, Minnesota, March 1, 1920, and was due on the 1st day of March, 1925. It was payable at the Blue Earth State Bank, Blue Earth, Minnesota. It contained the ordinary acceleration clause. At the bottom of the note there appears the following: "This note is Secured by Second Mortgage on 138.26 acres in S½- Sec. 4-104-25, Faribault County, Minnesota." On the reverse of the note, in addition to the assignments hereinbefore referred to, was the following: "3/5/1925. Paid on Prin. $1,000.00. 4/20/1929. Paid by foreclosure of mortgage securing this note the sum of $4,324.80."

There were two coupon notes, one for $360, dated at Des Moines, Iowa, January 20, 1925, due March 1, 1929, and payable at the Blue Earth State Bank, Blue Earth, Minnesota; the other for the same amount and of the same date, due March 1, 1930, and payable at the same place.

On the 13th of August, 1929, the defendants filed an *unverified general denial*. On November 7, 1929, the plaintiff filed a motion to strike the answer, for the reason "that it is a dilatory and frivolous pleading." This motion to strike was overruled. On January 18, 1930, the defendant Agnes Corey filed a verified separate amended and substituted answer. In this she admitted that the defendants are residents of Polk County, Iowa. She also admitted the execution of the note by A. R. Corey and Agnes Corey, and of the interest notes by A. R. Corey. She pleads various affirmative defenses, not including *res adjudicata*, or previous payment. In our view of the case, these affirmative defenses need no consideration. On January 24, 1930, the plaintiff filed a reply, having reference particularly to the affirmative defenses of the separate amended and substituted answer of the defendant Agnes Corey.

The cause went to trial on January 27, 1930. A jury was

waived. . The original note and the two coupons were produced by the plaintiff. and marked for identification. The defendants admitted the genuineness of the signatures on the original note and the coupons. The original note and the coupon notes were offered in evidence and received without objection. All of the indorsements on the original note were introduced in evidence without objection. Then plaintiff and defendant both rested. The court found for the defendant, and dismissed plaintiff's petition. A motion for judgment notwithstanding the findings was filed, and overruled.

I. By very ingenious arguments on both sides of this controversy, the discussion has taken a wide range. As we view the case, the determination of one proposition disposes of all the controversy in the case, so far as this appeal is  concerned. The introduction of the note with the signatures admitted created a prima-facie case for the plaintiff. There was neither plea nor proof of either prior adjudication or payment. It is the contention of the defendant that, because the indorsement on the note indicated that a foreclosure had been had, and as a result a credit was given on the note, the note was merged in the foreclosure, and the plaintiff's case fails. While, without a proper pleading on the subject, this position is not available to the defendant, nevertheless we will examine it.

It will be observed that the original note is dated in Minnesota, payable in Minnesota, and, by the notations thereon indorsed, is secured by a second mortgage on Minnesota land. In  the absence of proof to the contrary, we must assume that the laws of the state of Minnesota were, at the time of the foreclosure, and still are, identical with the laws of Iowa. We think the fair assumption from the indorsement upon the note of the credit by foreclosure is that the foreclosure was had on April 20, 1929. The foreclosure suit must have been brought in the county in which the property affected is located. (Section 12374 of the Code of Iowa, 1927).

The law of Minnesota being assumed to be the same as that of Iowa, the plaintiff in this case, at the time the foreclosure referred to was begun, might have brought suit on the note or

 on the mortgage; but if separate suits were brought on the note and the mortgage, in the *same county,* the plaintiff would be required to elect which one he would pursue, and the other would be discontinued at plaintiff's costs. (Section 12375 of the Code of 1927).

Section 11081, Code of 1927, provides that:

"Service may be made by publication, when an affidavit is filed that personal service cannot be made on the defendant within this state, in either of the following cases: \* \* \*

"3. *Foreclosure.* In an action for the sale of real property under a mortgage, lien, or other incumbrance or charge."

The service might also have been by personal service outside of the state of Minnesota. Under the law of Iowa, if a mortgage is foreclosed *"by good personal service,"* the plaintiff may not thereafter maintain a separate action upon his note. *Schnuettgen v. Mathewson,* 207 Iowa 294.

It is the contention of the appellee, in substance, that there is a presumption that the foreclosure referred to in the indorsement on the back of the note was by personal service on the defendants in Minnesota, and that a judgment *in personam* was procured. This appeal depends, in the last analysis, entirely upon the validity of this assumption. If the foreclosure was had in Minnesota, in the county where the land was located, and personal service was had upon the defendants in said county, and a judgment *in personam* was procured, then, under the authority of *Schnuettgen v. Mathewson,* 207 Iowa 294, that foreclosure was a bar to this action on the note. In the *Schnuettgen* case, this court said:

"We have held that a mortgagee may maintain a personal action on his note against the debtor, and may, after judgment therein, foreclose his mortgage. But we have never held that a mortgagee who has foreclosed his mortgage by good personal service may afterwards maintain a separate action upon his promissory note. Indeed, we have held affirmatively to the contrary. *Kenyon v. Wilson,* 78 Iowa 408, and cases therein cited. The reason for the distinction is apparent. The note is the evidence of the debt. When merged in judgment, the judgment

becomes the evidence of the debt. Jurisdiction in a foreclosure suit rests in the county where the mortgaged property is situated. A creditor may be able to obtain personal jurisdiction of his debtor where he finds him, without acquiring such jurisdiction in the county where the mortgage must be foreclosed. But when the mortgagee forecloses his mortgage upon personal service, he exhausts the full measure of remedy available to him against such defendant. Judgment against the debtor is prerequisite to the foreclosure of his equity of redemption. If plaintiff has not previously obtained it in a personal action, he must obtain it in the foreclosure action. The scope of the adjudication in a foreclosure decree is as broad as plaintiff's cause of action against the defendants which he has brought into court. The adjudication of the amount of the debt is the first prerequisite of a foreclosure decree. The amount of the debt, as adjudicated, becomes the conclusive basis of the right of redemption.''

In the case of *Smith v. Moore,* 112 Iowa 60, this court said:

''Again, it is insisted that plaintiff's notes were merged in the judgment recovered in Cook County, and that the action of plaintiff, if he has any, is on that judgment. Had the judgment been *in personam,* it is likely true that defendant's contention should be sustained, although we are not to be understood as indicating that that would defeat plaintiff's right to foreclose his mortgage. But the judgment was *in rem.* Moore and his co-defendants in that suit were residents of this state, were served with notice in this jurisdiction, and did not appear in the Illinois court. That court had no jurisdiction to render a personal judgment. If the record disclosed a personal judgment, it could not be enforced in this state; for the foreign court had no jurisdiction to render it. Action must be on the note, the original evidence of indebtedness; and the amount received on the judgment *in rem* is material only to the determination of the question of the amount due. The judgment was not a merger or a bar. It simply amounted to the payment of so much of the claim. The cases relied on by the appellant all relate to personal judgments.''

The inquiry, then, is whether, upon the record in this case, it appears that the foreclosure action in Minnesota, referred to

in indorsement on the note, resulted in a judgment *in personam* or only *in rem*. This can only be determined by legitimate inferences and legal·presumptions.

While the original note is dated at Blue Earth, Minnesota, March 1, 1920, the coupons for interest are dated at Des Moines, Iowa, January 20, 1925. The record conclusively shows that the defendants, at the time of the beginning of this action, were residents of Polk County, Iowa. Whether they ever were residents of Minnesota, or whether they ever were actually within the borders of the state of Minnesota, does not appear in the record.

The original note provides that the interest shall be "payable Mar. 1st annually according to the terms of five coupon notes of even date herewith hereunto attached, executed by me and numbered one to five inclusive." The note itself was due March 1, 1925. There is no explanation in the record why the first interest coupon note, due March 1, 1929, and the second coupon note, due March 1, 1930, are each dated at Des Moines, Iowa, January 20, 1925. These coupon notes contain this language: "Being interest on my Principal Note of $7,000 dated 3/1/20 due 3/1/1925, now reduced to $6,000 the time for the payment of which has been extended to March 1st, 1930." Perhaps on January 20, 1925, new substituted coupon notes were made for the original coupons, Nos. 4 and 5.

At all events, the natural inference is that these coupons were executed at Des Moines, and in view of the fact that it is conceded that the defendants were residents of Polk County, Iowa, in which Des Moines is located, at the time of the bringing of this suit, and in the absence of any showing whatever to the effect that these defendants were ever residents of Minnesota, or even in Minnesota, except the possible inference to be drawn from the fact that the original note is dated at Blue Earth, Minnesota, we cannot indulge the presumption that there was personal service on the defendants in the foreclosure action in Minnesota in the county where the suit was brought, resulting in a judgment *in personam*.

If the plaintiff insists upon the presumption that the defendants were in Blue Earth, Minnesota, at the time the original note was executed, March 1, 1920, it is equally apparent that the defendant A. R. Corey was in Des Moines January 20, 1925.

In the absence of any showing to the contrary, and particularly in light of the fact that he and his wife were admittedly residents of Des Moines and living in Des Moines in June, 1929, when this suit was brought, the reasonable inference is that these defendants were not within the jurisdiction of the court in Minnesota so that a judgment *in personam* could be lawfully entered against them at the time of the foreclosure.

In view of the provisions of Section 11081, providing for foreclosure by publication of notice, or by its equivalent, by personal service outside of the state of Minnesota, or by personal service within the jurisdiction where the suit is brought, it is just as reasonable to suppose that this foreclosure was begun by service by one or the other of these methods, other than personal service within the jurisdiction, as that the action was begun by personal service on the defendants within the jurisdiction. Moreover, the very language of the indorsement indicates, not that the note is *paid,* but that a certain portion of the note is paid, to wit, the sum of $4,324.80.

It is quite manifest that no judgment *in personam* was rendered on the note in Minnesota. The law of Iowa, as approved April 16, 1929 (Acts of the Forty-third General Assembly, Chapter 239), provides, in substance, that, unless otherwise ordered by the court or judge, the clerk of the district court shall not enter or spread upon the records of his office any judgment based upon any promissory note or notes or other written evidence of indebtedness, unless the note or notes or other written evidence of indebtedness are first delivered to the clerk. The note was in the possession of the plaintiff at the trial. As introduced, it bore no evidence of ever having been filed with the clerk of the court in Minnesota. It bears no evidence of ever having been canceled. Manifestly, it was not a basis of the suit in Minnesota upon which the defendants rely. Did the foreclosure proceeding in Minnesota result in a judgment *in personam* or *in rem* only? There is an utter lack of showing that it was *in personam.* We cannot assume, and there is no presumption, that the suit was *in personam,* rather than *in rem.* If the foreclosure suit in Minnesota resulted in a judgment *in rem* only, there was no merger of the note in the judgment, and the defendants fail in their assumption.

It is a well recognized rule that the introduction of a

negotiable instrument in evidence, by the plaintiff, with proof of the genuineness of the signature, makes a prima-facie case for

recovery. *In re Estate of Rule*, 178 Iowa 184; *In re Estate of Chismore*, 175 Iowa 495; *In re Estate of Chismore*, 166 Iowa 217. The signatures were here admitted.

We think, then, that the plaintiff made out a prima-facie case by the introduction of the note, upon the record made herein. The defendants are not entitled, under the record, to a presumption that the foreclosure evidenced by the indorsement on the note was had upon personal service on the defendants in the county where the suit was brought, and resulted in a judgment *in personam*. Therefore, the note did not become merged in the foreclosure proceeding, and the court erred in dismissing plaintiff's petition.

The substance of the claim of the defendants is that the indorsement shows a prior adjudication of the issues pending in this suit. It is a well established rule of law in this state that

*res adjudicata*, to be available, must be upon a plea and proof thereof. *In re Estate of Heaver*, 168 Iowa 563; *Cochran v. Independent Sch. Dist.*, 207 Iowa 1385. It follows that the cause must be, and is,—*Reversed.*

MORLING, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.