WINTERSET SAVINGS BANK, Appellee, v. L. V. IIAMS et al., Appellants.

No. 40610.

DECEMBER 9, 1930.

REHEARING DENIED MARCH 12, 1931.

*James A. Merritt,* for appellants.

*Percival & Wilkinson,* for appellee.

FAVILLE, J.—On January 22, 1925, the appellants executed and delivered to the appellee their certain promissory note in the principal sum of $10,000, due in three years from said date. To secure the payment of said note, the appellants on said date executed a mortage on certain described real estate, and on the 31st day of January, 1925, executed another mortgage on certain other and different real estate, to secure said note. No payments having been made upon said note, and the same being past due, this action is instituted for foreclosure of both of said mortgages.

I. Appellants contend that the appellee failed to prove the fact of its incorporation, and that said matter was put in issue by appellants' pleading, which was a denial of either knowledge or  information sufficient to form a belief of the allegation alleging that the appellee was a corporation duly organized under the laws of the state of Iowa. The allegations of the answer are not sufficient to meet the requirements of Section 11208, Code, 1927, to challenge the corporate existence of the appellee, or to require proof thereof.

II. Appellants contend that the note and mortgages in question were executed and delivered without any consideration therefor. The contention of the appellants is that the said note  and mortgages were given under the promise of the appellee bank that they should represent future advances in the way of loans that it was contemplated the appellant L. V. Iiams would need in his business as a dealer in live stock. The record shows that, at the time of the execution of the notes and mortgages in question, the appellee held notes and obligations of the appellants for which said mortgages were given, in a sum in excess of the amount of said notes and mortgages. Certain of these obligations had been given by the appellants to one Hamilton, and had been duly transferred to the appellee. Part were secured by mortgages, the assignments of which were of record, and the releases of which were duly recorded after the execution of the note and mortgages in suit. The notes and mortgages which were paid by the execution of the $10,000 note in suit were

surrendered to the appellants, and were produced by them upon the trial. The appellants failed to make any adequate explanation of how they came into possession of the notes which were surrendered to them at or about the time of the execution of the note and mortgages in suit. The books of the bank, which were introduced in evidence, show the transaction fully. Appellants made no claim and offered no proof to show that the notes produced by them, which were payable to the appellee, had ever been paid by them in any other manner than by the execution of the note in suit.

No doubtful question of law is involved in this case. The possession of the note and mortgages duly signed by the appellants raises a presumption of a consideration. The case presents a fact question as to whether or not there was consideration for the notes and mortgages. We have examined the record with care, and we are satisfied therefrom that the note and mortgages in question were given by the appellants for a consideration, being the indebtedness which the appellants owed to the appellee, and that said indebtedness has not been paid. The decree of the trial court was in accordance with the facts as we find them to be from the record, and it must be, and is,—*Affirmed.*

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.