C. H. PARSONS et al., Trustees, Appellees, v. HELEN KITT, Appellant.

No. 45172.

JUNE 18, 1940.

Graham & Graham and Dalton & Dalton, for appellant.

M. R. Tan Creti, for appellees.

RICHARDS, J.—In this action at law, instituted on April 11, 1938, the plaintiffs declared upon a promissory note made and delivered to their assignor by Helen Kitt, who is the sole person made defendant. She filed "answer and motion to elect," therein alleging: that the note sued was made by defendant and her husband, Herman Kitt, now deceased; that as a part of the transaction of giving the note the defendant and her husband executed to the payee of the note a mortgage on certain real estate to secure its payment; that in January 1935 the plaintiffs herein commenced an action in the Carroll district court against this defendant and others in which action plaintiffs asked relief based on the provisions of said mortgage; that said action is still pending; that on account of said matters and things plaintiffs should be required to elect which of the said actions they will prosecute. Defendant prayed that plaintiffs be required to elect, as provided by section 12375, Code 1935, as to which of said actions they will prosecute, and that the other be discontinued at plaintiffs' cost, and that in event of plaintiffs' failure to so elect, that this action be abated. At a hearing had on June 27, 1939, the district court overruled defendant's motion to require plaintiffs to elect which suit plaintiffs will prosecute, and from that ruling the defendant has appealed.

The statute invoked by defendant in moving as stated is in these words:

"12375. Separate suits on note and mortgage. If separate actions are brought in the same county on the bond or note,

and on the mortgage given to secure it, the plaintiff must elect which to prosecute. The other will be discontinued at his cost.''

In the language of this statute the instant action was quite evidently brought ''on the bond or note'' (in this case a note). But we are unable to so readily agree that, in the language of the same statute, the other action was brought *''on the mortgage* given to secure'' the note. (Emphasis supplied.) This other action begun in January 1935, we will, for convenience, continue to designate as the other action. It was entitled as a suit in equity. The petition named as defendants the defendant in the instant case, and also an insurance association, and others including, as we understand, heirs of Herman Kitt deceased. The execution of the afore-mentioned mortgage was narrated in the petition, with the further averment that the mortgage contained a clause obligating said mortgagees (sic) to keep the buildings insured for the benefit of the mortgagee during the life of the mortgage. The petition alleged that the defendant insurance association issued to Herman Kitt a policy of insurance, covering said buildings, which expired after Herman Kitt was deceased; that the executor of his estate renewed said insurance for the benefit of said mortgagee pursuant to said contract made by decedent with the mortgagee; that thereafter said buildings were destroyed by fire; that said insurance association adjusted said insurance on September 17, 1932, in the sum of $3,000; that said amount is still held by said insurance association; that whatever claims defendants may have on said fund are inferior to the rights of plaintiffs thereto. In the petition plaintiffs demanded a personal judgment against the insurance association for $3,000, with interest and costs, and that the right of plaintiffs to said fund be declared superior to those of any said defendants.

The seeming purpose of the above-quoted statute, when viewed in its entirety, is to afford a mortgagor-defendant a method by following which he may be able to relieve himself of the burden of superfluous litigation and procedure, in cases where a mortgagee has separated into two actions what could

have been equally well prosecuted and adjudicated in one action brought on both note and mortgage. In that one action the court ''shall render judgment for the entire amount found to be due, and must direct the mortgaged property, or so much thereof as is necessary, to be sold to satisfy the same, with interest and costs,'' as is provided in section 12376, Code, 1935. A situation where an integral judgment and decree upon the two instruments may be rendered, such as section 12376 contemplates, was, in our opinion what the legislature had in mind in enacting section 12375. The limitations expressed in section 12375 point in that direction. If that be true, it would accord to this statute an unintended inclusiveness were we to hold that it has application to the facts in the instant case. Appellants say the other action was one brought ''on the mortgage,'' within the intendment of section 12375. If so, a setting out of the mortgage would have sufficed, and we think an action on the mortgage such as the legislature contemplated in section 12375 would have been pleaded. But manifestly plaintiffs' cause of action in the other case would not have been stated at all by setting out the mortgage. The mortgage contained no agreements of the defendant insurance association. It was not a party thereto. Allegedly the association did enter into another contract to pay fire loss. The pleading of that contract was necessary to any recovery in the other action. The other action, begun in January 1935, being something other than a separate action on the mortgage as contemplated in section 12375, we conclude the statute was without application and did not afford defendant a right to require an election between the two actions. The ruling of the trial court is affirmed.—Affirmed.

HAMILTON, C. J., and OLIVER, SAGER, STIGER, BLISS, MITCHELL, HALE, and MILLER, JJ., concur.