**NORTHWESTERN NATIONAL BANK OF SIOUX CITY, Appellee,**

v.

**William E. VERSCHOOR, Jr., et al., Appellants.**

No. 2–56885.

Supreme Court of Iowa.

June 25, 1975.

P. D. Furlong, Sioux City, for appellants.

Dewie J. Gaul, of Jacobs, Gaul, Nymann & Green, Sioux City, for appellee.

Heard before MOORE, C. J., and MASON, REES, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

This is an action for mortgage foreclosure in which the dispute is factual. The main disputed issue is on the affirmative defense of failure of consideration. The trial court held the mortgagors failed to prove this affirmative defense and we agree.

William E. Verschoor, Jr. and Joan P. Verschoor (defendants) owned a resident dwelling in Sioux City. On April 25, 1970 this property was subject to a $17,000 mortgage to plaintiff, Northwestern Bank of Sioux City. Defendant William E. Verschoor was then president of Wood Brothers, a livestock commission firm. Other members of William's family, including his father, held interests in the firm which had been operated by the family for some time.

Over an extended period, dating from as early as January 1969 and up to the undertakings in question, the firm was facing financial ruin. Defendant William, as president of the firm, negotiated with the bank to secure a loan to cover a shortage of funds. The packers and stockyards administration of the United States department of agriculture alleged huge deficiencies in the firm's custodial account and charged that the custodial account checks had been returned unpaid for insufficient funds.

A loan was eventually made and on May 22 the bank advanced $49,500 to William and members of his family. This amount was placed with the firm for its use.

Prior to furnishing the $49,500 the bank called for execution of various instruments. On April 25, 1970 defendants executed a $30,000 note and, to secure the same, a $30,000 mortgage on the residence in Sioux City. This action was brought to foreclose that mortgage.

On May 11, 1970 defendants, William's father and mother, and his uncle all joined in executing a note in favor of the bank for $49,500. On the same day William's parents also executed a $49,500 mortgage on real estate owned by them in Sioux City.

The question is on defendants' claim the $30,000 note and mortgage were not instruments of indebtedness but were executed only as an application for a $30,000 loan which the bank later rejected.

In support of their arguments defendants point to the fact the bank advanced no funds in connection with this transaction except for the $49,500 paid on May 22, 1970. They argue the $30,000 face amount does not conform with the sum later advanced. They point out that monthly installments in the amount of $295.45, specified in the $30,000 note, were not paid and the bank took no action for that failure until this action was brought.

In answer the bank argues the $30,000 amount conforms well with the $49,500 later advanced. When the balance due on the preexisting $17,000 mortgage is added to the $30,000, the sum approximates the amount loaned. The bank offered evidence to show any amount in excess of the two mortgages on defendants' property would have exceeded its loan value. The bank offered other evidence to show it was never its policy to have borrowers execute instruments of indebtedness by way of loan application. The bank insists the security they demanded for the $49,500 loan was threefold. First defendants were to execute the $30,000 mortgage. In addition William's parents were to execute the $49,500 mortgage on their separate property. Thirdly the bank insisted defendants, Williams' parents, and Williams' uncle all become obligated on the $49,500 note.

■ I. Our review is de novo. Although we are not bound by the trial court's findings of fact we accord them weight, especially when considering the

credibility of witnesses. Rule 344(f)(7), Rules of Civil Procedure; Holi-Rest, Inc. v. Treloar, 217 N.W.2d 517, 523 (Iowa 1974); Holden v. Construction Machinery Co., 202 N.W.2d 348, 354–355 (Iowa 1972); Berger v. Amana Society, 257 Iowa 956, 961, 135 N.W.2d 618, 621 (1965).

 The burden is upon the defendants to show there was a failure of consideration, an affirmative defense they alleged in their answer. Rule 344(f)(5) and rule 344(f)(6), R.C.P.; 59 C.J.S. Mortgages § 98, page 140; 55 Am.Jur.2d, Mortgages, § 105, page 260.

Upon our de novo review we agree with the trial court in holding defendants failed to show failure of consideration. Some of defendants' evidence supports their contention. This is particularly true as to the manner in which the instruments were drawn and the failure to recite therein the relationship of each note and mortgage with the others.

On the other hand, in view of defendants' tenuous financial standing, it seems reasonable for the bank to have insisted on this mortgage in addition to its other demands.

Ultimately this factual dispute turns on whether defendants or the bank officers are to be believed. Giving due weight to the findings of the trial court we hold there was no failure of consideration for the $30,000 mortgage.

II. Defendants' other assignment of error relates to § 654.4, The Code, which provides: "If separate actions are brought in the same county on the bond or note, and on the mortgage given to secure it, the plaintiff must elect which to prosecute. The other will be discontinued at his cost."

This suit was filed April 19, 1973. Previously, on August 21, 1972 the bank brought an action at law on the $49,500 promissory note. At trial defendants cited § 654.4, noted the bank had previously brought the other action and urged there should be an election of remedies. The bank's counsel responded by stating that, if

the court found the $30,000 mortgage secured the note which was the subject of the separate action " * * * then we elect to proceed with this foreclosure."

The purpose of § 654.4 is to relieve the mortgagor of the burden of superfluous litigation. Parsons v. Kitt, 228 Iowa 654, 292 N.W. 831 (1940). See also Pfeffer v. Corey, 211 Iowa 203, 233 N.W. 126 (1930).

On the record the bank elected to proceed with its mortgage foreclosure. Defendants' complaint there was no election is without merit.

Affirmed.