**FIRST NATIONAL BANK IN LENOX, Appellee,**

v.

**Harvey HEIMKE and Kay Heimke, Appellants.**

No. 86–1112.

Supreme Court of Iowa.

June 17, 1987.

Alfredo G. Parrish and Artis Reis of Parrish & Kruidenier, Des Moines, for appellants.

John R. Sandre, Richard O. McConville, and Pamela D. Griebel of Scalise, Scism, Sandre & Uhl, Des Moines, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

SCHULTZ, Justice.

This interlocutory appeal involves the applicability of the recently enacted farm mediation statute, 1986 Iowa Acts chapter 1214, section 19 (codified at Iowa Code section 654A.6 (1987)),[1] to foreclosure actions filed prior to the effective date of the statute. The trial court ruled that the statute was inapplicable to such an action; we granted interlocutory appeal. While the appeal was pending, a mediation session was held, leading to an assertion by the appellee that the question is now moot. We hold that this question is within the public policy exception to the mootness doctrine, and we reverse and remand.

In May of 1986, the First National Bank in Lenox (bank) filed three actions, each in a separate county, against Harvey and Kay Heimke (Heimkes). Each action was for foreclosure and appointment of a receiver, and each was based on mortgages, notes, or deeds of trust given in connection with agricultural loans and farming operations. A hearing was set for July 15, 1986 on the issue of appointment of a receiver; all three actions were consolidated for this hearing in the Iowa District Court for Adams County.

Heimkes applied for mediation under the new statute. The trial court ruled that the statute was inapplicable to these consolidated cases because all three actions had been filed prior to the effective date of the legislation. We granted a temporary stay of the trial court proceedings and granted interlocutory appeal of the trial court's ruling.

While this appeal was pending, a mediation session was held at the bank's request. On October 10, 1986, the bank was given a mediation release, *see* Iowa Code § 654A.6(1), because Heimkes failed to appear at the scheduled session. On October 29, the parties agreed to reschedule the mediation for December 16. Both parties attended the second mediation session; the bank again received a mediation release. The bank now contends that this appeal is moot. Heimkes assert that the bank's representative appeared physically but did not participate in good faith in the mediation, and that the bank was not entitled to the release. We discuss first the mootness issue, then the applicability of the mediation statute.

**I.** *Mootness.* A case is moot when the issues involved have become aca-

---

1. The text of the statute is as follows:

*Mandatory mediation proceedings.*

1. A creditor subject to this chapter desiring to initiate a proceeding to enforce a debt against agricultural property which is real estate under chapter 654, to forfeit a contract to purchase agricultural property under chapter 656, to enforce a secured interest in agricultural property under chapter 554, or to otherwise garnish, levy on, execute on, seize, or attach agricultural property, shall file a request for mediation with the farm mediation service. The creditor may not begin the proceeding subject to this chapter until the creditor receives a mediation release, or until the court determines after notice and hearing that the time delay required for the mediation would cause the creditor to suffer irreparable harm. The time period for the notice of right to cure provided in section 654.2A shall run concurrently with the time period for the mediation period provided in this section and section 654A.10.

2. Upon the receipt of a request for mediation, the farm mediation service shall conduct an initial consultation with the borrower without charge. The borrower may waive mediation after the initial consultation.

demic or nonexistent, or when judgment, if rendered, will have no effect on the controversy. *Board of Directors of Indep. School Dist. v. Green*, 259 Iowa 1260, 1265, 147 N.W.2d 854, 856 (1967). Even if a case is moot, however, the court may decide to hear the case on grounds of public policy. Factors to be considered by the court in making this determination are: (1) the public or private nature of the question; (2) the desirability of authoritative adjudication for the future guidance of public officials; and (3) the likelihood of future recurrence. *Id.*

■ Assuming, without deciding, that this case is moot because mediation has already taken place, we believe it falls within the public policy exception. Clearly the case presents a public question almost certain to recur, on which district courts have reached conflicting results. The record indicates that judges in different counties reached differing results in this case, one ordering mediation and the other holding the statute inapplicable. We therefore address below the applicability of the mediation statute in this case.

Issues concerning the validity of the mediation releases arose after this appeal was granted. The parties should be allowed the opportunity to develop their respective theories and to make a record in the district court establishing a factual basis supporting their respective contentions. These issues should be addressed before the district court on remand.

■ II. *Applicability of the mediation statute.* Generally, a statute operates prospectively only unless it clearly appears that the legislature intended retrospective application as well. *State ex rel. Turner v. Limbrecht*, 246 N.W.2d 330, 332 (Iowa 1976). If the statute relates solely to procedure or remedy, however, it ordinarily applies both prospectively and retrospectively. *Id.* Substantive law creates, defines and regulates rights, while procedural law governs the "practice, method, procedure, or legal machinery by which the substantive law is enforced or made effective." *Baldwin v. City of Waterloo*, 372 N.W.2d 486, 491 (Iowa 1985).

■ The statutory language contains no reference to either prospective or retrospective application. The bank asserts that its substantive rights are affected because the statute imposes a new duty on creditors seeking to enforce their contractual rights. The duty, however, is purely procedural. Mediation is only an additional procedural step in the foreclosure process, and not an alteration of substantive rights. Thus, the statute should be applied retrospectively.

■ Additionally, retrospective application is implicit in the statutory language. For example, the statute refers to "execution on ... agricultural property," thus implying application even in cases already reduced to judgment. Iowa Code § 654A.6(1). Also, section 654A.6(2) states that ongoing foreclosure proceedings "may not continue" after a creditor receives a mediation notice, thus implying that the statute would be applicable in the present case. In *Laue v. Production Credit Association*, 390 N.W.2d 823, 823 (Minn.Ct.App. 1986), the Minnesota Court of Appeals held that the Minnesota mediation statute, although the language did not expressly so provide, was applicable retrospectively, covering all agricultural debts, even those over which proceedings had begun before the effective date of the statute. Although the language of the Minnesota act is somewhat different from our own, the Minnesota court relied not on the statutory language, but on the legislative intent to alleviate, at least in part, some of the hardships of the farm crisis by providing a process of mediation and adjustment of indebtedness. *Id.* at 827–28. This holding was reiterated in *Production Credit Association v. Spring Water Dairy Farm, Inc.*, 392 N.W.2d 15, 16–17 (Minn.Ct.App.1986). Given the procedural nature of our own statute, its language, and the general legislative intent to give some relief to farmers in dire financial straits, we also hold that the statute is applicable to actions filed prior to the effective date of the act.

In summary, we hold that the question presented by this appeal, even if moot, is within the public policy exception to the

mootness doctrine and is thus appropriately decided by this court. The question of the validity of the mediation release is one to be decided by the district court. The mediation statute, 1986 Iowa Acts chapter 1214, section 19 (codified at Iowa Code section 654A.6 (1987)), is applicable to this case, although the actions involved were filed prior to the effective date of that act.

REVERSED AND REMANDED.