CITIZENS FIRST NATIONAL BANK
OF STORM LAKE,
Plaintiff–Appellee,

v.

Herbert J. TURIN, Joan M. Turin,
Defendants–Appellants,

Ida County State Bank, Charles G. and
Stephanie Ballantine, Twin Valley Ltd.,
and Glen Ballantine, President, Defendants.

No. 87–695.

Court of Appeals of Iowa.

Aug. 24, 1988.

Joseph J. Heidenreich of Dresselhuis and Heidenreich, Odebolt, for defendants-appellants.

David Jannet of the McCullough Law Firm, Sac City, for plaintiff-appellee.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

DONIELSON, Presiding Judge.

Turins' appeal from a district court decree awarding the plaintiff a deficiency judgment against the Turins following a foreclosure sale of the Turins' farm property. The Turins contend that: (1) the plaintiff was estopped from asserting a deficiency judgment against them, following foreclosure; (2) the plaintiffs were barred from obtaining a personal judgment against Turins because they had previously obtained an in rem judgment against Turins' property; and (3) the plaintiff failed to comply with Iowa Code chapter 654A providing for farm mediation prior to foreclosure.

In 1972 and 1977, the Turins signed two promissory notes with the plaintiffs for $44,160 and $185,000 respectively.

On May 19, 1986, the plaintiff filed a petition to foreclose. On June 10, 1986, the Turins filed a "combined motion" claiming that the petition should be dismissed because the plaintiff had failed to comply with the Iowa farm mediation law. The district court rejected this motion. An in rem judgment against the Turins' property was entered on January 6, 1987. The district court also retained jurisdiction to determine the plaintiff's claim to a personal judgment against the Turins for any deficiency. A sheriff's sale was held on March 3, 1987, and the property was sold to plaintiff for $97,000. On April 16, 1987, the district court entered personal judgment against the Turins. The Turins then filed this appeal.

As to the deficiency judgment, the Turins claim that an agreement existed between plaintiff and the Turins not to pursue any deficiency judgment. Also, the Turins argue that the in rem judgment prevented the plaintiff from asserting a personal judgment against them at a later date. The Turins then argue that the foreclosure was improper since the Iowa farm mediation law requirements were not met.

Plaintiff rejects Turin's arguments. Citizens asserts that the deficiency judgment was proper. Also, that the foreclosure of Turins' property should not be set aside based on the farm mediation law. The Turins never filed a farm mediation request nor raised the lack of a mediation release in any of their answers to plaintiff's petitions. Plaintiff also claims they now have secured a mediation release.

Our review of this case is de novo. Iowa Code section 654.1 (1987); Iowa R.App.P. 4. Although not bound by the trial court's findings of fact, we do accord them weight. *Northwestern Nat'l Bank of Sioux City v. Verschoor*, 230 N.W.2d 505, 506 (Iowa 1975).

## I.

The Turins contend that Citizens First National Bank was estopped from seeking a personal judgment against them. The elements of promissory estoppel are: (1) a clear and definite agreement; (2) proof that the party seeking to enforce the agreement reasonably relied upon it to his detriment; and (3) a finding that equity supports enforcement of the agreement. *In re Estate of Graham*, 295 N.W.2d 414, 418 (Iowa 1980). The evidence does not

support finding a clear and definite agreement.

The trial court found "no sufficient evidence" of an agreement not to pursue a deficiency judgment. The Turins offered a letter from Citizens' attorney to prove the agreement. However, this letter does not refer to or describe any agreement. The Turins testified they understood that a personal judgment would not be sought as long as the rent payments went to the plaintiff. The farm lease between the Turins and the Ballantines required that the rent checks be made jointly to the Turins and Citizens National Bank. The March 1986 rent check was written out this way. However, no evidence was presented of an agreement between Citizens and the Turins. Herbert Turin did not testify about specific dates, times or conversations regarding an agreement. He only said that the Ballantines told him they had talked to the bank. The testimony plus the letter do not prove a clear and definite agreement. The claim of promissory estoppel cannot be supported.

■ The defendants also argue that no consideration was given for the mortgage foreclosed. The burden is upon the Turins to show there was a failure of consideration. *Northwestern Nat'l Bank of Sioux City v. Verschoor*, 230 N.W.2d 505, 507 (Iowa 1975). Defendants assert that the March 1972 mortgage was security for a $44,160 note that was paid. The March 1977 mortgage was security for the March 1977 note of $185,000. However, the Turins claim to never have owned part of the land listed on the mortgage.

The evidence shows that on March 1, 1977, the Turins received $185,000 in exchange for the promissory note and mortgage. They admitted not having made the payments provided for in the note. The possession of the note and mortgage duly signed by appellants raises a presumption of consideration. *Winterset Sav. Bank v. Iiams*, 211 Iowa 1226, 1228, 233 N.W. 749, 750 (1930). The Turins have not met their burden to show failure of consideration.

## II.

■ The Turins next contend that res judicata, issue preclusion and claim preclusion bar Citizens' action for a deficiency judgment against the Turins. Citizens argues that they have brought only one action against the Turins and that the only issue remaining at trial was the amount of the unpaid balance. Both sides cite in their support *Northwestern National Bank v. Verschoor*, 230 N.W.2d 505 (Iowa 1975).

In *Verschoor*, the mortgagee was required to make an election of remedies pursuant to Iowa Code section 654.4. If separate actions are brought in the same county on the note, and on the mortgage given to secure it, the plaintiff must elect which to prosecute. The other action is to be discontinued at the plaintiff's cost. *Id.*

However, in the present case, the relevant statutes are Iowa Code sections 654.5 (1987):

When a mortgage ... is foreclosed, the court shall render judgment for the entire amount found to be due, and must direct the mortgaged property, or so much thereof as is necessary to be sold to satisfy the same, with interest and costs. A special execution shall issue accordingly....

and 654.6:

If the mortgaged property does not sell for sufficient to satisfy the execution, a general execution may be issued against the mortgagor unless the parties have stipulated otherwise.

The current statute also includes a list of conditions that if met, render the deficiency unenforceable until July 1, 1991. *Id.* This provision was effective from its publication on May 31, 1986. The judgment in rem foreclosing the mortgage was granted on January 6, 1987. However, we do not need to decide whether this portion of the statute applies since all of the conditions are not satisfied. It has already been established that the property was leased to the Ballantines. Thus the mortgagor was not actively engaged in farming the agricultural land upon the commencement of the action as required by Iowa Code section 654.6(2).

On January 6, 1977, summary judgment in rem was granted in the amount of $146,888.02 plus interest at nine percent. Special execution issued and a sheriff's sale was held on February 17, 1987. The sum of $97,000 was bid. Citizens Bank is entitled to a general execution for the deficiency. This was ordered by the trial court on April 16, 1987.

### III.

▓ The last issue deals with the applicability of the farm mediation law. Iowa Code chapter 654A (1986). Citizens asserts that this point has not been preserved for appeal. An appeal is taken and perfected by filing a notice with the clerk of court. The notice "shall specify the parties taking the appeal and the decree, judgment, order or part thereof appealed from." Iowa R.App.P. 6.

The general rule is that the notice of appeal must sufficiently describe or specify the judgment or order appealed from so as to leave no doubt as to its identity. *Schrader v. Sioux City,* 167 N.W.2d 669, 673 (Iowa 1969). However, rigid adherence to the rule would serve no useful purpose. *Hawkeye Security Ins. Co. v. Ford Motor Co.,* 199 N.W.2d 373, 378 (Iowa 1972). Substantial compliance with the provisions of Iowa R.App.P. 6.[1] is sufficient. If the intent of the appellant to appeal from a judgment may be inferred from the text of the notice and if the appellee has not been mis-led by the defect, the appeal will be entertained. This interpretation of the rule is consistent with our preference for disposition of cases on the merits and not on mere technicalities. *Hawkeye Security,* 199 N.W.2d at 378.

The notice in *Hawkeye Security* was an appeal "from each and every ruling adverse to the Defendant ... during the progress of and hearing of said case,...." *Id.* at 377. Turins' notice specifically appealed "from the final decision entered in them in said cause on April 16, 1987." This decision entered personal judgment against the Turins for the deficiency which resulted from the sale of the foreclosed land. Citi-

zens claims that this decision did not involve the farm mediation law as it was only a personal judgment, not involving agricultural land. However, Citizens has not claimed that prejudice resulted from this alleged defect nor that they were misled. Without these two elements, we cannot now find the notice insufficient. *In re Marriage of Schissel,* 292 N.W.2d 421, 423 (Iowa 1980).

Furthermore, the April 16 decision includes findings of fact regarding the summary judgment granting the foreclosure and the resulting sale. The conclusions of law discussed the claim that res judicata did not bar the personal judgment. It was found that the "action here is not a separate action," but part of the whole foreclosure suit. The notice of appeal was sufficient to preserve this issue.

▓ The Turins argue they are entitled to mediation citing Iowa Code section 654A.6. This action was filed on May 19, 1986. The law regarding mediation was effective from May 29, 1986. Summary judgment granting foreclosure was entered on January 6, 1987. This statute has been held to be purely procedural and is to be applied retrospectively. *First Nat'l Bank in Lenox v. Heimke,* 407 N.W.2d 344, 346 (Iowa 1987). Farm mediation applies to this case.

▓ The law requires that "a creditor subject to this chapter desiring to initiate a proceeding ... to enforce a secured interest in agricultural property ... or to otherwise garnish, levy or execute on, seize, or attach agricultural property, shall file a request for mediation...." Iowa Code section 654A.6. Citizens has since obtained a mediation release dated November 13, 1987. Defendant's request for mediation is now moot.

A case is moot when the issues involved have become academic or nonexistent, or when judgment if rendered will have no effect on the controversy. *Board of Directors of Indep. School Dist. v. Green,* 259 Iowa 1260, 1265, 147 N.W.2d 854, 856 (1967). If mediation is ordered it would

---

1. Formerly Iowa R.Civ.P. 336.

have no effect on the controversy. This case is distinguishable from *Heimke* in which the public policy exception to mootness allowed the court to consider the issue. *Heimke,* 407 N.W.2d at 346. *Heimke,* was remanded for a ruling on the validity of the release. *Id.* at 347. No question of validity has been raised here. Furthermore, as was done in *Heimke,* Turins could have sought an interlocutory appeal to stay proceedings and decide the applicability of the mediation law before summary judgment was granted. The issue of mediation is moot and need not be considered further in this case.

We therefore affirm the lower court's decision of April 16, 1987 entering personal judgment against the Turins in the amount of $53,437 plus interest.

AFFIRMED.