Jason SHANNON, Minor, by Ann K.
SHANNON, His Parent, Guardian
and Next of Friend, Appellee,

v.

Allan E. HANSEN and Joan C. Hansen
d/b/a Second Chance Lounge and Gary
Hellesheim and Judy Hellesheim d/b/a
Gary's Place, Defendants,

and

State of Iowa ex rel. Col. Blaine Goff,
Chief of the Iowa Department of Public
Safety, Iowa State Patrol Division Ap-
pellant.

STATE of Iowa ex rel. Col. Blaine GOFF,
Chief of the Iowa Department of Public
Safety, Iowa State Patrol Division,
Plaintiff,

v.

IOWA DISTRICT COURT, Defendant.

No. 90–615.

Supreme Court of Iowa.

April 17, 1991.

As Corrected April 23, 1991.

Thomas J. Miller, Atty. Gen., Chris O'Dell and Gary L. Hayward, Asst. Attys. Gen., for appellant.

Donald L. Hagemann and Lucy J. Gamon of Hagemann, Goeke & Egli, Waverly, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

In a civil dramshop action, the plaintiff made application for release of confidential information and also served the chief of the Iowa Department of Public Safety, Iowa State Patrol Division, a subpoena duces tecum for production of written statements of witnesses taken in the course of an accident investigation. The State of Iowa filed a motion for a protective order. It claimed the statements were protected from disclosure. The application and motion were submitted to the district court. The State appeals from the court's failure to grant its motion. While the appeal was pending, the civil action was settled.

### I. Background.

Charles Shannon died on June 22, 1988, as a result of injuries he received when the pickup he was driving overturned. A civil dramshop action was brought by his minor child, Jason Shannon. During the course of discovery, Shannon requested the state highway patrol furnish a copy of its investigative file. Members of the patrol had conducted an extensive investigation of the accident, including interviews with witnesses as to the decedent's activities at Gary's Place; the last tavern he visited that night, as well as persons who reside along the five-mile route between the tavern and the place of the accident. The patrol provided copies of the investigative officer's report, including drawings and photographs, but refused to provide copies of written state-

ments taken by the officers in the course of the investigation.

Shannon then made application for an order requiring release of confidential information and served a subpoena duces tecum for the production of the witnesses' statements. The State filed a motion for protective order. It urged the statements were confidential and also subject to a qualified testimonial privilege. The court granted the State's motion regarding Shannon's request for the entire accident investigation file but denied the State's motion to protect production of the written witness statements taken in the course of the accident investigation. The State appealed from this part of the court's ruling.

## II. *Mootness.*

Because the civil suit was settled, the plaintiff no longer seeks production of the witness statements. The issues raised in this appeal are academic. Generally, we do not consider an action if it is moot. Even so, we may decide to hear the case on grounds of public policy. Factors considered in making this determination include: (1) the public or private nature of the question, (2) the desirability of authoritative adjudication for the future guidance of public officials, and (3) the likelihood of future recurrence. *First Nat'l Bank v. Heimke,* 407 N.W.2d 344, 346 (Iowa 1987); *Department of Gen. Servs. v. R.M. Boggs Co.,* 336 N.W.2d 408, 410 (Iowa 1983).

Having considered these factors, we conclude the issue should be addressed. Peace officers are frequently involved in the investigation of motor vehicle accidents. They often interview persons who are involved in the accident or who have knowledge of the facts and circumstances relating to the accident. Both civil and criminal suits may follow. Additional guidance should be provided to avoid the cost and delay of extended court proceedings. It is likely the issues raised in this appeal will be raised in the future.

## III. *Scope of Review.*

Because the Iowa State Patrol is not a party to the underlying action, the proper form of review is by certiorari. Iowa R.App.P. 303, 304. Certiorari lies when the district court has acted illegally. Iowa R.Civ.P. 306. Illegality exists when the court has not applied the proper rule of law. *Iowa Freedom of Information Council v. Wifvat,* 328 N.W.2d 920, 922 (Iowa 1983) (citing *Hightower v. Peterson,* 235 N.W.2d 313, 317 (Iowa 1975)). Although the case is brought to us on appeal, we proceed as though a petition for a writ of certiorari were filed. Iowa R.App.P. 304; *Hearity v. Iowa Dist. Court,* 440 N.W.2d 860, 862 (Iowa 1989).

## IV. *Confidentiality of Witness Statements.*

The State urges witness statements are protected from disclosure to private litigants because of Iowa Code sections 22.7 and 622.11 (1989). These statutory provisions were thoroughly reviewed in *State ex rel. Shanahan v. Iowa District Court,* 356 N.W.2d 523 (Iowa 1984). In *Shanahan,* we concluded subsection 68A.7(5), now subsection 22.7(5), providing for confidentiality of peace officers' reports, and section 622.-11, creating a public officer privilege for communications, are two expressions of essentially the same legislative purpose with regard to DCI files. *Id.* at 528. In *Shanahan* we identified three tests which the State must satisfy to establish the privilege. They require that (1) a public officer is being examined, (2) the communications made to the officer were in official confidence, and (3) the public interests would suffer by disclosure. *Id.* at 527. There is no quarrel that the first test was met. The trial court found the State had not met its burden as to the second and third tests.

The key requirement of the second test is that the communication is made to the officer in "official confidence." Under Iowa Code section 22.7, certain public records are kept confidential. The statutory word "records" include records, documents, tapes, or other information. Iowa Code § 22.1. Included in the list of public records that shall be kept confidential are peace officers' investigative reports, except

where disclosure is authorized elsewhere in the Code. Iowa Code § 22.7(5).

Both the driver of a vehicle involved in an accident resulting in injury or death of any person and a law officer who, in the regular course of duty, investigates a motor vehicle accident have a duty to file an accident report with the Iowa Department of Transportation (DOT). Iowa Code § 321.266. The report filed by the driver is confidential while the report filed by a law enforcement officer is available to any party to the accident and to certain others. Iowa Code § 321.271. Copies of the accident reports filed as required by section 321.266 which are retained by the patrol division of the Iowa Department of Public Safety are also available. 661 Iowa Admin. Code § 1.4(5). Under this regulation and Iowa Administrative Code subsection 1.4(6), Shannon was furnished a copy of the DOT report and the patrol officer's report regarding observations, measurements, and examinations of physical evidence including photographs.

Relying upon section 321.271 as amended in 1967 and our opinion in *Grocers Wholesale Coop. Inc. v. Nussberger Trucking Co.*, 192 N.W.2d 753 (Iowa 1971), the trial court concluded that communications made to an officer investigating a motor vehicle accident no longer have the status of being made in "official confidence." In *Grocers Wholesale*, we held the provisions on inadmissibility in section 321.271 applied only to the written drivers' reports which are made to the department. *Id.* at 756. Prior to the amendment of section 321.271 in 1967, the official investigative report and statements made to the investigating officer to enable the officer to make it were held confidential and inadmissible. *Hamilton v. Becker*, 249 Iowa 516, 522–23, 86 N.W.2d 142, 146 (1957). The obvious intent of the 1967 amendment to section 321.271 was to remove the confidentiality of the officer's report and the information and statements provided to the officer in securing vehicle accident information. *Grocers Wholesale*, 192 N.W.2d at 756.

■ Statements made by witnesses to peace officers investigating a motor vehicle accident to enable the officers to make their reports are not made in "official confidence" for the purpose of section 622.11. Because the disclosure of witness statements is authorized under section 321.271, they are no longer considered confidential records. Iowa Code § 22.7(5). Although other documents and information in the records or file may remain confidential under subsection 22.7(5), here, Shannon sought only witness statements. The State failed to satisfy the second test of *Shanahan.*

The court also found the State had failed to satisfy the third test of *Shanahan.* The key requirement of the third test is that nondisclosure serves the "public interests."

■ The trial court recognized a distinction between criminal and accident investigations. It also recognized a distinction between ongoing and completed investigations. The court looked at both the State's need for protection of certain information and the needs of Shannon. The district court recognized its responsibility to engage in a sensitive weighing process as outlined in *Shanahan.* This process includes consideration of the fundamental principle that ordinarily a private litigant is entitled to discover and use every person's evidence. *Shanahan*, 356 N.W.2d at 528.

■ The qualified privilege provided by section 622.11 is not limited to criminal investigations by its terms nor will we so limit it by interpretation. However, when applying the tests of *Shanahan*, it is appropriate for the court to consider the nature of the investigation and whether it is continuing or completed. The State claims effective law enforcement will suffer if the patrol cannot preserve the confidentiality of communications with its officers. It urges that unless individuals are confident that their statements will not be made public, they may be reluctant to cooperate with law enforcement. Although the court may consider this factor when undertaking the sensitive weighing process, it is only a factor to be considered and is not determinative as to the "public interests" test. We hold the court did not act illegally in finding Shannon's need for the witness

statements outweighed the State's need for confidentiality. The State has failed to show the court acted improperly.

WRIT ANNULLED.