Feliciano DIAZ, Appellee,

v.

Michael THOMPSON, Appellant.

No. 03–1849.

Court of Appeals of Iowa.

Sept. 29, 2004.

C.R. Hannan of Reilly, Petersen, Hannan & Dreismeier, P.L.C., Council Bluffs, for appellant.

Jon H. Johnson of Johnson Law, P.L.C., Sidney, for appellee.

Considered by SACKETT, C.J., and VOGEL and ZIMMER, JJ.

VOGEL, J.

· Michael Thompson appeals the district court's interpretation of Iowa Code chap-

ter 654A (2003) resulting in the denial of his motion to set aside a sheriff's sale of his agricultural real estate. Iowa Code chapter 654A requires, generally, mediation prior to the initiation of proceedings to enforce a debt secured by agricultural property. The district court determined this chapter was inapplicable because Thompson was not a borrower of the creditor executing on his agricultural land. We agree and affirm.

## I. Background Facts and Proceedings

Feliciano Diaz obtained a workers' compensation judgment against Thompson in the amount of $43,838.53 plus interest. Thompson owns agricultural land in Fremont County, Iowa. Diaz sought to enforce his judgment by executing on this real estate and the same was eventually set for sheriff's sale. Just prior to the sheriff's sale, Diaz assigned his judgment lien to Sean Thomas Smith. Smith then purchased the real estate described above at the June 24, 2003, sheriff's sale for $51,000.00[1].

Thompson filed a "motion to set aside sale," alleging:

1) He was denied his right of redemption

2) Diaz failed to obtain a mediation release as required by Iowa Code section 654A.6.

3) The sale produced a price well below market value.

In its ruling the district court addressed, and found contrary to each of Thompson's contentions, denying Thompson the relief requested. Thompson appeals.

## II. Standard of Review

The validity of Thompson's claim depends on our interpretation of Iowa Code chapter 654A. Our review of the district court's construction and interpretation of a statute is for corrections of errors at law. *In re Detention of Cubbage*, 671 N.W.2d 442, 444 (Iowa 2003).

## III. Issue

The only issue before us on appeal is whether Diaz, as the holder of a judgment that did not arise from a loan to the owner of the agricultural property, was required to obtain a farm mediation release pursuant to Iowa Code chapter 654A prior to executing on the real estate.[2] Because this issue can only be resolved through statutory interpretation, we begin with "the relevant portions of the applicable statute." *Nash Finch Co. v. City Council of the City of Cedar Rapids*, 672 N.W.2d 822, 825 (Iowa 2003) Iowa Code section 654A.6(1)(a) (2003), in pertinent part, states:

> A creditor subject to this chapter desiring to initiate a proceeding to enforce a

---

1. Iowa Code section 654A.6 requires that creditors subject to its provisions who *execute* on agricultural property obtain a mediation release. Diaz executed on agricultural property but assigned his judgment lien to Smith just prior to the sheriff's sale on June 24, 2003. Thus, assuming arguendo that Diaz is a creditor to whom Iowa Code section 654A.6 applies, he was required to obtain the mediation release prior to executing on the property, so that he is the correct named party on

appeal even though he did not hold the judgment lien at the time of the sale.

2. Thompson indicated in his notice of appeal that he was also appealing the district court's determination regarding the reasonableness of the sale price, however Thompson provided no argument or authority on this issue so that we deem it waived. *See* Iowa R.App. P. 6.14(1)(*c*); *City of Marquette v. Gaede*, 672 N.W.2d 829, 835 (Iowa 2003).

debt against agricultural property which is real estate under chapter 654, to forfeit a contract to purchase agricultural property under chapter 656, to enforce a secured interest in agricultural property under chapter 554, or to otherwise garnish, levy on, execute on, seize, or attach agricultural property, shall file a request for mediation with the farm mediation service. The creditor shall not begin the proceeding subject to this chapter until the creditor receives a mediation release . . .

The merit of Thompson's argument on appeal hinges on whether Diaz is a "creditor subject to this chapter." This question is initially addressed by Iowa Code section 654A.4 entitled "Applicability of chapter" which provides:

This chapter applies to all *creditors of a borrower* described under subsection 2 with a secured debt against the borrower of twenty thousand dollars or more.

Iowa Code § 654A.4(1) (emphasis added). Thus, the crucial question on appeal is whether Diaz is a "creditor of a borrower" as defined by chapter 654A.

In interpreting and applying statutory provisions, we strive to give effect to the General Assembly's true intent in enacting the law. *Nash Finch Co.*, 672 N.W.2d at 826 (Iowa 2003). Generally, this intent is gleaned from the language of the statute. *Id.* Iowa Code section 654A.1 defines the terms used in chapter 654A and provides that a "creditor" may be a "judgment creditor with a judgment against a debtor with agricultural property." Iowa Code § 654A.1(3). Neither party disputes on

appeal that Diaz has a judgment against Thompson and that the real estate at issue is agricultural property. Therefore Diaz is without question a creditor under the provisions of chapter 654A. However, one vital inquiry remains: Is Thompson a "borrower" within the meaning of Iowa Code chapter 654A?

Unfortunately, the General Assembly did not provide a definition of a "borrower" in Iowa Code section 654A.1. When the legislature has not defined a word in a statute, we look to prior decisions of our appellate courts and others, similar statutes, dictionary definitions, and the words common usage to ascertain the true intention of the legislature. *See Gardin v. Long Beach Mortgage*, 661 N.W.2d 193, 197 (Iowa 2003). However, if reasonable minds could differ or be uncertain as to the meaning of a statutory term, the term is ambiguous. *State v. Albrecht*, 657 N.W.2d 474, 479 (Iowa 2003). Thompson argues that a "borrower" for purposes of Iowa Code chapter 654A is any "debtor with agricultural property."[3] Diaz asserts that "borrower" for purposes of chapter 654A has a more narrow construction, meaning "one to whom money is lent." Although we tend to agree with Diaz's position, Thompson's interpretation is not unreasonable, and therefore we turn to statutory construction to settle the ambiguity. *See Nash Finch Co.*, 672 N.W.2d at 827.

When a statute is ambiguous, we may consider, among other things, the purpose of the statute and its legislative history. Iowa Code §§ 4.6(1), (3); *Nash Finch Co.*, 672 N.W.2d at 827. Iowa Code

---

**3.** Thompson proposes that Diaz is a "creditor subject to this chapter" i.e. a "creditor of a borrower" because he is a judgment creditor executing on agricultural property. Thomp- son thus argues, by implication, that a "borrower" for purposes of Iowa Code chapter 654A is a "debtor with agricultural property."

chapter 654A was originally enacted in 1986 from House File 2473. The legislative findings accompanying this bill indicate that the General Assembly promulgated this statute out of concerns brought by its recognition of the following:

> Thousands of the state's farmers are unable to meet current payments of interest and principal on mortgages and other loan and land contracts and are threatened by the loss of their farmland, equipment, crops, and livestock through mortgage and lien foreclosures, forfeitures of real estate contracts, and other collection actions.

H.F. 2473, 71st G.A., Reg. Sess. (Iowa 1986). Thus, the legislative intent in promulgating chapter 654A was largely to protect farmers from the harsh consequences wrought by foreclosure and forfeiture proceedings resulting from a farmer's inability to pay off loans and land contracts. *See also First Nat'l Bank v. Heimke*, 407 N.W.2d 344, 346 (Iowa 1987) (relying in part on the general legislative intent behind the promulgation of Iowa Code chapter 654A, to alleviate some of the hardships of the farm crisis by "giv[ing] some relief to farmers in dire financial straits," in applying the protections of Iowa Code chapter 654A to actions filed prior to the effective date of the act). Significantly, the concerns of the legislature, as recorded in their findings, do not

indicate a desire or intent to protect farmers from collection of all debt, but instead only mortgage, loan, and land contract debt. *See id.* Consequently, we conclude that the legislature did not intend to protect debtors such as Thompson because his debt did not result from a loan secured with agricultural property.[4]

## IV. Conclusion

Because Thompson was not a "borrower" under Iowa Code chapter 654A, compliance with the farm mediation provisions of that chapter was not required prior to executing on Thompson's agricultural land. We therefore find no error in the trial court's refusal to set aside the subsequent sheriff's sale.

**AFFIRMED.**

---

**4.** An examination of the language chosen by the legislature in promulgating Iowa Code chapter 654B substantiates this conclusion. Iowa Code chapter 654B was enacted in 1990 by the same bill amending Iowa Code chapter 654A, and broadly applies mediation protection to any "person with an interest in farmland," yet the legislature when amending Iowa Code chapter 654A chose to leave unchanged the narrower "creditors of a borrower" language. *See* H.F. 2404, 73rd Gen. Assem., Reg. Sess. (Iowa 1990). It thus follows

that the General Assembly did not intend the class of individuals to whom mediation protection is available under Iowa Code chapter 654A, for farmer-creditor disputes, be nearly as broad as the class receiving mediation protection under Iowa Code chapter 654B, for care and feeding contracts and nuisances, as the legislature easily could have amended the mediation protections of Iowa Code chapter 654A to that of Iowa Code chapter 654B had it intended "borrower" to mean any debtor with an interest in farmland.